CHARLES F. BOWERMASTER, Petitioner, v. WILLIAM WALKER, Judge, Respondent.

**ATTORNEY AND CLIENT:** Authority—Recital in Decree. The recital in a decree to the effect that defendant appeared by named counsel cannot subsequently be overcome by a mere denial on the part of the defendant that such counsel had authority to so appear.

**JURY:** Right to Jury—Contempt. A party charged with contempt is not entitled to a jury trial.

*Certiorari to Jefferson District Court.*—WILLIAM WALKER, Judge.

JUNE 22, 1923.

PROCEEDING in certiorari to test the legality of the action of the district court (Hon. William Walker presiding judge) of Iowa in and for Jefferson County in adjudging the petitioner guilty of contempt for the violation of a liquor nuisance injunction. Writ discharged and the petition dismissed.

*X. C. Nady, Lloyd L. Duke,* and *R. M. Haines,* for petitioner.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *John G. Barwise,* County Attorney, for respondent.

DE GRAFF, J.—This is a proceeding brought to this court on a writ of certiorari on the order of one of its justices. A brief recital of the history of the case is necessary to understand the contentions of the petitioner herein. On November 7, 1917 an order for a decree was entered by District Judge F. M. Hunter of the second judicial district enjoining the relator from in any manner selling, dispensing or soliciting the sale of intoxicating liquor in violation of law or the keeping for sale any intoxicating liquor within the second judicial district of the state of Iowa.

Prior to and at the time of the hearing of the injunction the petitioner was under indictment for the illegal sale of liquor and upon the issuance of a bench warrant he was arrested and brought into court. A plea of guilty was entered and time for sentence was deferred.

The record contains the following recital:. "And now on this 24th day of November, 1917, this cause comes on for final determination in accordance with a stipulation of settlement herein filed, the plaintiff appearing in person, and the defendant by his attorneys, Leggett and McKemey. The court, being fully advised in the premises, finds that the allegations of the plaintiff's petition are true."

The clerk of the court was ordered to issue a writ of injunction in accordance with the provisions of the decree and one did issue.

In August 1921 a petition for an order on the defendant was filed to show cause why he should not be punished for con-

tempt predicated on the violation of the injunction. On proper preliminary proceedings, the petitioner appeared on August 27, 1921 before Hon. Seneca Cornell, presiding judge, pleaded guilty, and a fine was imposed.

Subsequently another petition for citation was filed charging the petitioner with a further violation of the injunction and praying for an order on the defendant to show cause why he should not be punished for a further contempt. On February 3, 1923 he appeared in person and by counsel entered a plea of not guilty and challenged the legality of the injunction against him on the primary ground that the court was without jurisdiction in the first instance.

Specifically the grounds are as follows: (1) the decree of December 24, 1917 was void because notice of the proceedings was not served (2) no evidence was offered to support the decree (3) a decree of injunction could not be entered on stipulation (4) that defendant did not authorize the stipulation and the court was without jurisdiction of his person. Trial was had and upon the evidence offered the court found the defendant guilty and he was sentenced to imprisonment in the jail of Jefferson County for one year.

The defendant then moved the court to set aside the conviction on the following grounds: (1) the defendant was denied the right of trial by jury as guaranteed by the Constitution of Iowa (2) that Code Section 2407 under which the proceedings were had is unconstitutional and void because of contravention of Section 10 of Article 1 of the Constitution of Iowa (3) that the court had no jurisdiction to try and sentence the defendant to jail. This motion was overruled by the trial court and legal exceptions having been taken an application was presented to this court for the writ on which this proceeding is based.

I. The record does not disclose that any writ of injunction or any copy thereof was ever served upon the defendant. This, however, is not the controlling fact.

It is quite apparent that the defendant did appear by counsel. The finding of the trial court to this effect in the decree

1. ATTORNEY AND CLIENT: authority: recital in decree.

entered cannot be vitiated by a mere denial on the part of the petitioner that the named counsel were not authorized to appear for him. This

is especially true since the parties entered into a stipulation under which the matters in controversy found an amicable and satisfactory termination. This stipulation did not refer to "what the law is" but to the procedure to be followed. No law question was involved or legal principle invoked. It is unnatural and unreasonable that a reputable firm of attorneys would appear and enter of record a stipulation without the authority of the real party in interest.

It will be remembered also that the petitioner appeared and pleaded guilty to a violation of the injunctional decree on the first citation. This in itself would not preclude him from thereafter attacking the decree as illegal and void, but it does have a bearing upon his good faith and also his knowledge of the issuance of the decree in the first instance. Judicial acts are presumed to be regular, and the impeachment of a court record must be based upon substantial and believable evidence.

We cannot escape the conclusion that the original decree was valid and binding; that the decree was violated is established beyond doubt.

II. We now pass to the second proposition. It is inherent in a court to punish for disobedience of its orders. This power, though subject to statutory regulations, is essential to the efficient discharge of judicial functions.

2. JURY: right to jury: contempt. Sufficient to state that a party charged with contempt is not entitled to a trial by jury. *Flannagan v. Jepson,* 177 Iowa 393.

The judgment entered by the trial court must be affirmed, the petition herein dismissed, and the writ discharged.

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.