DONALD J. BLUNK, Plaintiff, v. W. M. WALKER, Judge, Defendant.

DECEMBER 14, 1928.

*Roberts & Roberts,* for plaintiff.

*Jaques, Tisdale & Jaques,* for defendant.

DE GRAFF, J.—This case involves original proceedings in certiorari in this court. The primary contention of the appellant (petitioner below) is that the respondent court did not have authority or jurisdiction to enter the judgment which was entered on said hearing. In brief, the appellant contends that the jurisdiction to enter said judgment must be predicated on the provisions of Chapter 535 (Section 12533 *et seq.*), Code of 1924, and not, as contended by the respondent, on the provisions of Chapter 536, Code of 1924. Before turning the searchlight upon these respective contentions involving the interpretation of statutory

provisions, it may be well to visualize the factual setting.

The petitioner, Donald J. Blunk, is the husband of Glendora Blunk. On March 17, 1928, the wife, Glendora, filed her petition praying a divorce from Donald J., alleging cruel and inhuman treatment. In said petition she also asked that a temporary writ issue, restraining the defendant from, in any manner, selling, incumbering, or disposing of any of the household goods, or from, in any manner, interfering with the peaceable possession of the homestead occupied by the plaintiff, or from, in any manner, interfering with the plaintiff, pending the hearing of the cause. The restraining order as prayed was issued, and, on March 19, 1928, Donald J. Blunk was duly and legally served with notice.

On the 31st day of May, 1928, there was filed in the district court of Iowa in and for Wapello County an information and affidavit for contempt, in which are alleged the issuance of the restraining order of date March 19, 1928, and the service upon the defendant, Donald J. Blunk, of said order, a copy of which was attached to said information. It is further alleged therein that, on the night of May 30th, or the early morning of May 31, 1928, the defendant, Donald J. Blunk, willfully violated said injunction, by interfering with the peaceable possession of the plaintiff of the premises in question, and that the defendant came to the said residence, broke down the door of the room wherein plaintiff was sleeping, and took the plaintiff by the hair of the head, pulled her out of bed, and dragged her by the hair of her head into another room, and then threw her clothes in after her.

It is further alleged that said actions on the part of the defendant, Donald J. Blunk, constitute a violation of the restraining order in two respects: (1) In interfering with the peaceable possession of the premises, and (2) in interfering with the plaintiff, pending the hearing of this cause.

The petition in contempt prayed that a warrant issue for the arrest of the defendant for contempt of court, and that a time be fixed within which the defendant file a showing in relation to said actions, and purge himself of such contempt, if possible, and that, upon such hearing, the court inflict such punishment upon the defendant as is proper under the circumstances. An order of citation was ordered, and a warrant issued.

The defendant was arrested, and released under bond. He promptly filed his resistance to said application. The resistance was in the nature of a general denial, and also contained the allegation "that the building referred to was the home of plain-tiff and defendant, bought and paid for entirely by this defendant [petitioner]; that, after plaintiff had abandoned the premises, the defendant took possession thereof, for the purpose of preserving the property; and that he selected for his own use only one bedroom, leaving all the rest of the house free to the plaintiff."

On June 5, 1928, he appeared in response to the contempt proceeding. On that date, the court heard the evidence on both sides. The hearing was recorded by the official shorthand reporter in said court. Upon the conclusion of all the evidence, the record discloses the following:

"Mr. Roberts: Defense rests. 1:15 P. M.
"The Court: Both sides rest. 1:15 P. M.
"Mr. Jaques: We waive the opening argument.
"The Court: I am not sure I want to hear an argument on it, gentlemen. The only punishment I can give him is under this section of the statute. Gentlemen, the order will be, this man will be found guilty of violating this injunction, and his punishment will be one day in the county jail and $50 fine, and upon nonpayment of that fine, he will be confined in jail at the rate of three and one-third dollars per day for every day in jail."

Thereafter, on the same date, the court signed a judgment and record entry in keeping with said order, and providing also: "To all of the above findings, order, sentence, and judgment, the defendant at the time excepts."

The trial court, in conformity to the statute, also made findings, as part of the judgment and record entry, as follows,— after reciting the issuance of the writ and its service:

"The evidence further shows that, on the night of May 30, 1928, the defendant went to said home, and, after demanding admittance to the bedroom where the plaintiff was sleeping, broke down the door, entered the bedroom, took hold of plaintiff's hair, and dragged her out of the bed onto the floor; then dragged her out of the room down the hall, and into another

**1392**

bedroom; also that he called her vile, indecent, and insulting names. The defendant denies, to some extent, the charges made; but he admits that he pulled her hair, and admitted it in the presence of the policemen who went to the house directly thereafter with plaintiff, to get her clothing, and emphasized the admission with an oath, that he had dragged her out of bed by the hair. The charges made against the defendant are very clearly established."

It may be said at this point in the opinion that with the merits of the divorce action we are not concerned. And further, the involved statutory provisions being, for the moment, waived, the record evidence warrants the findings made by the respondent court.

We now turn to the material question in issue. Is the contempt proceeding within the purview of the provisions of Chapter 536, Code of 1924, governing "contempts," or within the provisions of Chapter 535, Code of 1924, governing "injunctions?" Putting the contention of the appellant-petitioner in more specific form: Was the respondent court acting within its jurisdiction, upon the conclusion of all the evidence, in imposing then and there the judgment in question, or should the defendant have been held "for his appearance at the next term of court," with opportunity to him "to get bond with surety for his appearance?"

The answer to this question is dependent on the definition of the term "order" or "process." The term "order" means a decision made during the progress of the case, either prior or subsequent to final judgment, settling some question collateral to the main issue presented by the pleadings, and necessary to be disposed of before such issue can be passed upon by the court, or necessary to be determined in carrying into execution the final judgment. 29 Cyc. 1514.

Lexicographers define an order as any direction of a court other than a judgment or decree made in a cause. 3 Bouvier's Law Dictionary (3d Rev.) 2423; Anderson's Dictionary of Law 738; 2 Pope's Legal Definitions 1090. See, also, *Berryhill v. Smith*, 51 Iowa 127; *Dahlstrom v. Portland Min. Co.*, 12 Ida. 87 (85 Pac. 916); *De Lendrecie v. Peck*, 1 N. D. 422 (48 N. W. 342).

We have no hesitation in holding that the restraining order in the instant case constituted an order or process. Our statutes defining acts which constitute contempt *inter alia* include illegal resistance to any order or process made or issued by a court. Section 12541 (Chapter 536), Code of 1924. It is further provided in said chapter that the punishment for contempts "may be by fine or imprisonment, or both, but where not otherwise specially provided, courts of record are limited to a fine of fifty dollars, and an imprisonment not exceeding one day, * * *." Section 12543.

In passing, it may be observed that Chapter 535, Code of 1924, deals with injunctions that may be obtained as an independent remedy in an action by equitable proceedings, which relief would have been granted in equity previous to the adoption of the Code, and is referable to all cases of breach of contract or other injury where the party injured is entitled to maintain and has brought an action by ordinary proceedings. Sections 12512, 12513. It is provided that a party may, "in the same cause, pray and have a writ of injunction against the repetition or continuance of such breach of contract or other injury, or the commission of any breach of contract or injury of a like kind arising out of the same contract or relating to the same property or right, * * *." Section 12513.

In the event of an alleged violation of the injunction, and upon satisfactory proof that it has been violated, a precept shall issue from the court to the sheriff of the county, directing him to attach the defendant and bring him forthwith before the court, at a place to be stated in said precept. When the party is produced, he may file his affidavit denying or excusing the contempt. In other words, the defendant is given an opportunity to purge himself of the contempt. If he is not released, the judge may require him to give bond with surety for his appearance at the next term of court, and for his future obedience to the injunction; and if he fails to give such bond, he may be committed to the jail of the county where the proceedings are pending, until the next term of court, unless he gives the bond in the meantime. It is further provided that the court at the next term shall act upon the case, and if a contempt is found to have been committed, punish it in the usual mode. Sections 12535 to 12539.

There is no occasion to attempt to harmonize the provisions of Chapters 535 and 536, Code of 1924, for the reason that the subject-matter of the two chapters is clearly differentiated. They are to be construed and both given effect according to legislative intent in their enactment. A different procedure is contemplated by said chapters, according to the nature of the case and the subject-matter of the action. We therefore hold that the respondent court acted within its proper jurisdiction in the instant case.

This interpretation of the law makes it unnecessary to rule other propositions presented by counsel in briefs and arguments. However, we conclude that the judgment entered is too severe; and the judgment will be modified to the extent that the jail sentence of one day shall be suspended and removed, and the fine imposed, with default of payment condition, shall stand. Wherefore, the judgment is *modified;* and the writ heretofore issued by this court is *annulled.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.