STANLEY MAX YOCUM, petitioner, v. HONORABLE JAMES P. GAFF-NEY, a Judge of the Eighth Judicial District, respondent.

No. 51404.

(Reported in 131 N.W.2d 826)

208

Bartley, Bartley & Diehl, of Iowa City, for petitioner.

Richard F. Nazette, of Cedar Rapids, and Nolan, Lucas & Nolan, of Iowa City, all for respondent.

SNELL, J.—This is an original action in certiorari challenging the action of respondent-judge in finding petitioner guilty of contempt and imposing sentence.

The matter was argued orally but no written briefs or arguments have been filed. In oral argument petitioner said this was due to difficulty in finding supporting authority. A transcript of the evidence in the trial court has been certified to us.

On November 12, 1963, Donna Gean Yocum filed petition for divorce from her husband, Stanley Max Yocum. She will be referred to as plaintiff and he (at this time) as defendant. Plaintiff also sought temporary injunctive relief. Hearing on the application for temporary injunction and resistance thereto was had on November 14, 1963. The court found that defendant, "should be and he is enjoined from in any manner molesting the plaintiff." The court further found "that from the statements made by defendant on the witness stand, the court is convinced that the defendant meant what he said and will not in any manner molest this plaintiff. The request that he be enjoined from occupying the home is denied."

Writ of injunction was issued restraining defendant "from in any manner molesting or interfering with the plaintiff."

Thereafter the parties slept and ate in the same house but tranquillity did not prevail.

On March 9, 1964, plaintiff caused defendant to be cited for contempt, alleging that he had violated the injunction. At the hearing thereon evidence was introduced.

The trial court found that defendant had violated the injunction of the court, was in contempt and had in no way purged himself of contempt. It was the judgment of the trial court that defendant be imprisoned in the county jail for a period of five days and pay a fine of $100 and cost of the hearing.

Defendant, being unhappy with the results of the hearing, sought and we granted certiorari. He is and will now be referred to as "petitioner."

The transcript of the evidence and certified copies of the various papers filed have been certified to us. The record is replete with evidence of constant harassment of his wife by petitioner. He constantly came to her room and at least twice broke a lock to get in. He argued, importuned and interfered. Plaintiff testified that at one time they struggled and he held her on the floor for an hour and a half. Counsel for petitioner describes this as a wrestling match. Whatever it was there is nothing to indicate plaintiff was a willing participant or that petitioner's activities were in compliance with the court's injunction. Plaintiff suffered no serious injury but she was certainly molested. Petitioner explained and attempted to excuse his activities as attempts at reconciliation and to save his home. Otherwise there was no attempt to purge himself of contempt. His efforts were energetic and forceful but not persuasive. They were in violation of the court's injunction.

I. No appeal lies from an order to punish for contempt but the proceedings may be reviewed by certiorari. Section 665.11, Code of Iowa. The action is by ordinary proceedings. It is a law action and is not triable de novo. It is a review to determine whether the acts challenged were legal. As a general rule questions or findings of fact are not reviewable on certiorari.

Iowa-Illinois Gas and Electric Co. v. Gaffney, 256 Iowa 1029, 1033, 129 N.W.2d 832, 834, and authorities cited therein. For exception in contempt cases see Division VII, infra.

II. There is nothing in the record to indicate that respondent acted illegally. After a hearing on the evidence petitioner was found to be in contempt and in violation of the court's injunctive order. This was a legal exercise of a judicial function

by the trial court. The finding was not without support in the evidence.

III. Section 665.4, subsection 2, Code of Iowa, provides that punishment for contempts such as this shall be by a fine not exceeding five hundred dollars, or by imprisonment in a county jail not exceeding six months, or by both such fine and imprisonment. The judgment of the trial court was well within the limits of the statute and far less than the maximum permitted.

IV. The only authority cited to us by petitioner is Blunk v. Walker, 206 Iowa 1389, 222 N.W. 358. That was a proceeding with a factual background comparable in many ways to the case at bar. The trial court entered judgment providing for confinement for one day in the county jail and for a fine of $50. That was the maximum penalty under the statute at that time. Without any discussion of the point our court held the judgment too severe and modified the judgment to the extent of removing the jail sentence.

In the case at bar we have no question of a maximum penalty. The trial court restrained his obvious and, we may add, justifiable irritation and imposed but a small part of the statutory maximum penalty. All punishments for contempt are coercive but here we find nothing illegal or vindictive.

V. The power to punish for disobedience of its orders is inherent in a court. This power, though subject to statutory regulations, is essential to the efficient discharge of judicial functions. Bowermaster v. Walker, 196 Iowa 30, 33, 194 N.W. 208. This proposition is not disputed by petitioner.

VI. When the terms of a decree or other court order are clear and unambiguous a contemnor will not be heard to say he did not understand it and did not intend to violate it. Phillips v. District Court, 252 Iowa 140, 144, 106 N.W.2d 68. In the case before us there is no claim of ambiguity.

VII. Upon certiorari brought to question a judgment of contempt we will review the evidence, although giving much weight to the trial court's findings of fact. Battani v. Grund, 244 Iowa 623, 631, 56 N.W.2d 166. However, as said in that case, we find nothing in the case at bar to require interference with the finding of contempt by the trial court.

VIII.  In the Battani case, supra, petitioner was punished for contempt incident to resistance of process.  He was sentenced to six months in jail.  What we said there is appropriate here.

"The sentence imposed was largely within the discretion of the trial court.  It is only where this discretion has been grossly abused that we will interfere.  [Citations]  The sentence here is severe, but we cannot say it was beyond the fair discretion of the trial court. * * * It is not a case where we should condemn the sentence imposed as being beyond the fair discretion of the court."  (Loc. cit. 632, 633)

The writ is—Annulled.

All JUSTICES concur except LARSON, J., who takes no part.