William OPPERMAN, Plaintiff,

v.

The Honorable B.C. SULLIVAN, As Judge
of the District Court of Iowa In and For
Bremer County, Defendant.

No. 68655.

Supreme Court of Iowa.

March 16, 1983.

David M. Engelbrecht of Engelbrecht,
Ackerman & Hassman, Waverly, for plain-
tiff.

Gary J. Boveia of Boveia Law Offices,
Waverly, for defendant.

Considered by LeGRAND, P.J.,* and
HARRIS, McCORMICK, McGIVERIN, and
LARSON, JJ.

McCORMICK, Justice.

Plaintiff William G. Opperman brought
this certiorari action to challenge the de-
fendant district court's order finding him in
contempt and sentencing him for failure to
comply with the child support provisions of
a dissolution decree. He contends that the
court could not constitutionally acquire jur-
isdiction of him through personal service of
the rule to show cause in Illinois and that
the court lacked authority to sentence him
when he was not personally present. We
find no merit in his contentions and conse-
quently annul the writ.

No dispute exists that the court had juris-
diction of Opperman in the dissolution ac-
tion in which a decree requiring Opperman
to pay child support and execute a wage
assignment to make these payments was

* Senior Judge.

entered on September 21, 1981. Opperman was then a resident of Iowa. Subsequently he moved to Illinois. In April 1982 the court issued Opperman a rule to show cause why he should not be punished for contempt for noncompliance with the child support provisions of the decree. The rule was personally served on Opperman in Illinois on April 23, 1982.

On May 14, 1982, Opperman appeared specially, alleging he was a nonresident of Iowa, was served outside the state, had no contacts with Iowa and, therefore, was not subject to the court's jurisdiction. The district court overruled the special appearance. Subsequently, a hearing was held on the contempt allegations. Opperman appeared through an attorney but was not personally present. Evidence was taken, but the court deferred ruling to a subsequent date to give Opperman an opportunity to appear personally. On that date Opperman's attorney told the court Opperman would not be present. The court found that the contempt allegations had been established and proceeded to sentence Opperman to thirty days in jail.

■ I. *Jurisdiction.* In contending the court lacked jurisdiction over him Opperman does not attack the manner of service. Thus we are not confronted with an issue under Iowa R.Civ.P. 56.1 like that involved in *Beauchamp v. District Court,* 328 N.W.2d 527 (Iowa 1982). Opperman argues the court lacked jurisdiction because he had insufficient contacts with Iowa to permit Iowa courts to exercise jurisdiction over him. In making this argument he invokes the minimum contacts doctrine under the due process clause of the fourteenth amendment of the United States Constitution applied in cases like *Kagin's Numismatic Auctions, Inc. v. Criswell,* 284 N.W.2d 224, 228–31 (Iowa 1979).

Opperman's argument overlooks the basis of the contempt citation. The contempt procedure is part of the dissolution proceeding to which he was a party. We have previously noted the court's continuing jurisdiction to modify a dissolution decree. *In re Marriage of Meyer,* 285 N.W.2d 10, 10–11

(Iowa 1979). It logically follows that the court's continuing jurisdiction also applies to actions to enforce the decree. *See McClenny v. Superior Court of Los Angeles County,* 60 Cal.2d 677, 388 P.2d 691, 36 Cal.Rptr. 459 (1964). Thus the contempt proceeding was merely supplementary to the main suit. Because the court had personal jurisdiction over Opperman in the dissolution action, it had sufficient basis under traditional notions of fair play and substantial justice to assert personal jurisdiction over him to enforce the decree.

This did not excuse the court from providing Opperman with notice of the contempt proceeding and an opportunity to defend. *See In Re Marriage of Meyer,* 285 N.W.2d at 11. In this case Opperman was personally served in Illinois with the court's rule to show cause against the punishment authorized in section 598.23 of the Iowa Code (1981). The court thus acquired personal jurisdiction over him in the contempt proceeding. *See* § 665.7; *Lutz v. Darbyshire,* 297 N.W.2d 349, 353 (Iowa 1980).

The district court did not err in overruling Opperman's special appearance.

■ II. *The sentence.* Under section 598.23, the possible contempt punishment was a sentence to the county jail for not more than thirty days. Opperman argues the court lacked authority to impose the punishment because he was not personally present at the sentencing. He asserts that no distinction exists between contempt and criminal proceedings for this purpose. He does not raise a constitutional issue nor does he cite any statutory basis for his argument.

Section 665.7 provides authority for the court to proceed as it did. It allows the punishment to be imposed when the offender is already in the presence of the court or when the offender has been "personally served with a rule to show cause against the punishment...." The second situation existed here. Furthermore, the court continued the initial hearing after overruling Opperman's special appearance to give him a second opportunity to appear. The record

plainly shows Opperman voluntarily absented himself from the proceeding with full awareness of the possible consequences. *See State v. Hendren,* 311 N.W.2d 61, 62 (Iowa 1981).

Limiting our decision to the argument made by defendant, we find that the court had authority to sentence Opperman even though he was not present. We do not decide what our conclusion would be if either the argument or the evidence was different.

WRIT ANNULLED.