Marsha PHILLIPS, Plaintiff,

v.

IOWA DISTRICT COURT FOR
JOHNSON COUNTY,
Defendant.

No. 84–1832.

Supreme Court of Iowa.

Jan. 15, 1986.

Patricia C. Kamath, Iowa City, for plaintiff.

John T. Nolan, Iowa City, for defendant.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

We granted certiorari to determine whether the district court erred in finding plaintiff in contempt and punishing her for violating the visitation provisions of a dissolution decree. Plaintiff contends (1) that a purpose of this contempt proceeding was to punish her for violating the decree, therefore contempt must be proved beyond a reasonable doubt to satisfy due process, and (2) that the contempt order violated Iowa Code section 598.23 (1985) because it imposed as punishments both a fourteen day jail sentence and modification of the dissolution decree. We find merit in both contentions and sustain the writ.

On May 22, 1984, the district court entered a decree of dissolution ending the marriage of William Munn and Marsha Munn (now Marsha Phillips, the plaintiff

herein). The court decreed that William and Marsha should have joint custody of the two minor children of the marriage, with Marsha having physical custody subject to William's liberal visitation rights. Detailed provisions governing the joint custody arrangement and visitation were set out in the dissolution decree.

During the following four months Marsha moved with the children to Texas, and William had great difficulty exercising visitation rights or even contacting Marsha and the children. During that time William twice filed motions requesting that Marsha be found in contempt. On October 4, 1984, William filed a third application for an order citing Marsha for contempt, supported by an affidavit alleging that Marsha had willfully refused to honor the visitation provisions of the dissolution decree. On the same day he also filed an application for modification of the dissolution decree, seeking physical custody of the two children. Marsha denied that she was in contempt of court, and the hearing on both the contempt and modification requests was held before the defendant judge on November 20, 1984.

After receiving evidence and hearing arguments of counsel the court issued a ruling in the contempt proceeding finding by clear and convincing evidence that Marsha was in contempt and should be punished. The court sentenced Marsha to serve a period of fourteen days in jail and also granted William twenty-one consecutive days of visitation to make up for the visitation he previously had lost because of Marsha's abrupt move to Texas. The court took under advisement William's petition for modification of the decree. At Marsha's request we granted her petition for a writ of certiorari and stayed enforcement of the contempt order pending our certiorari review.

Marsha has challenged the contempt ruling on several grounds. She contends that she was denied due process when the finding of contempt was based on evidence that was only deemed "clear and convincing" rather than "beyond a reasonable doubt."

She argues that the order violated section 598.23 because it punished her in two ways, combining a jail sentence with modification of the decree's visitation provisions. She also contends that she received inadequate notice that a finding of contempt could result in a jail sentence.

## I. *The Proof Required.*

Until today our court has consistently upheld the use of the clear and satisfactory evidence standard for proof of contempt. *See, e.g., Callenius v. Blair,* 309 N.W.2d 415, 419 (Iowa 1981); *Lutz v. Darbyshire,* 297 N.W.2d 349, 353 (Iowa 1980); *Brown v. District Court,* 158 N.W.2d 744, 748 (Iowa 1968); *Huston v. Huston,* 255 Iowa 543, 549, 122 N.W.2d 892, 896 (1963). When a finding of contempt has been challenged on appeal, we have examined the evidence to ensure that proof of contempt was clear and satisfactory. *Callenius,* 309 N.W.2d at 419. We noted in a recent case, however, that many other courts require proof beyond a reasonable doubt before a person can be found in contempt and punished for nonpayment of child support. *Skinner v. Ruigh,* 351 N.W.2d 182, 185 n. 1 (Iowa 1984) (referencing cases from other jurisdictions). Here we are presented with the question alluded to but not addressed in *Skinner*—whether due process requires that contempt be proved beyond a reasonable doubt before the court may impose sanctions which punish the contemnor, even though the contempt arises from the alleged violation of a decree in a civil proceeding.

Marsha argues that due process under the Iowa Constitution and the fifth and fourteenth amendments to the United States Constitution requires that there be proof beyond a reasonable doubt of the elements of contempt when the proceeding may lead to a jail sentence or other punishment of a criminal nature. Marsha's constitutional argument has solid underpinnings. *In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970), squarely held that proof beyond a reasonable doubt in a criminal proceeding

is a requirement of constitutional magnitude:

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

*Winship* was a juvenile delinquency proceeding, not a contempt action, but Marsha points out that the same potential for deprivation of liberty that is present in criminal cases was also present in this contempt proceeding. Marsha was punished for past behavior, disobedience of the dissolution decree, by being sent to jail and having her rights under the dissolution decree modified. The jail sentence had all the earmarks of punishment imposed following conviction of a crime.

Many appellate courts have attempted to draw a meaningful line of distinction between civil and criminal contempt proceedings, in an attempt to provide guidance for trial courts which must determine the extent to which substantive and procedural safeguards must be furnished to the alleged contemnor. Martineau, *Contempt of Court: Eliminating the Confusion Between Civil and Criminal Contempt*, 50 Cin.L.Rev. 677, 681 (1981). The United States Supreme Court has explained:

> When the petitioners carry "the keys of their prison in their own pockets," the action "is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees." In short if the petitioners had chosen to obey the order they would not have faced jail....
>
> ....
>
> ... Courts often speak in terms of criminal contempt and punishment for remedial purposes. "It is not the fact of punishment but rather its character and purpose that often serve to distinguish" civil from criminal contempt.... While any imprisonment, of course, has puni-

tive and deterrent effects, it must be viewed as remedial if the court conditions release upon the contemnor's willingness to testify.

*Shillitani v. United States*, 384 U.S. 364, 368–70, 86 S.Ct. 1531, 1534–35, 16 L.Ed.2d 622, 626–27 (1966) (citations omitted).

The principal effect of the distinction those courts make is that certain constitutional safeguards, such as the requirement that guilt be proven beyond a reasonable doubt, are required in "criminal" contempt proceedings, but not proceedings involving only "civil" contempt. *See Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797, 807 (1911); Dobbs, *Contempt of Court: A Survey*, 56 Cornell L.Rev. 183, 238, 243 (1971); Martineau, *supra*, at 681 n. 28.

Recent Iowa cases, however, have cut through this blurred and often nebulous distinction by treating all contempts as "quasi-criminal." *See, e.g., McNabb v. Osmundson*, 315 N.W.2d 9, 11–14 (Iowa 1982) (upholding indigent's constitutional right to appointment of counsel when "predictive evaluation" suggests that contempt citation may result in jail term); *Lutz v. Darbyshire*, 297 N.W.2d at 353–54 ("Contempt proceedings are commonly treated as criminal in nature even when they generate from civil cases."); *Knox v. Municipal Court*, 185 N.W.2d 705, 707 (Iowa 1971) ("As we treat all contempts as quasi-criminal in Iowa, this sometimes nebulous distinction [between civil and criminal contempts] is no longer of significance.").

In *Wilson v. Fenton*, 312 N.W.2d 524 (Iowa 1981), we explained that our governing statutes, Iowa Code chapter 665 and such other statutes as apply specific punishments for contempt, have constructively repealed the common law of contempt and treat all contempts as criminal in nature even when they arise from civil cases.

Consequently the sanctions are not compensatory as they might be in a civil contempt proceeding. *See* Dobbs, *Con-*

*tempt of Court: A Survey,* 56 Cornell L.Rev. 183, 267 (1971). The punishment in section 665.4 is punitive and the fine is for the benefit of the State. *Id.* Imprisonment under section 665.5 is a coercive remedial sanction. *Id.* Thus the statute provides for two types of punishment, "punitive for acts which, being done, are themselves completed contempts, and imprisonment to coerce the performance of affirmative acts ordered by the court." Note, *Civil and Criminal Contempt in Iowa,* 20 Iowa L.Rev. 121, 127 (1934). Because no other sanctions are provided, no other sanctions are authorized.

*Wilson,* 312 N.W.2d at 528–29. This *Wilson* analysis is equally applicable to contempt proceedings involving violation of a dissolution decree, for which the specific punishments are provided in Iowa Code section 598.23. *See Greene v. District Court,* 342 N.W.2d 818, 821 (1983) ("We have recognized that the jail sentence imposed for willful nonpayment of child support under Iowa Code section 598.23 makes this contempt procedure criminal in nature.").

We agree with Marsha's contention that this contempt proceeding was by its very nature and effect the equivalent of a criminal proceeding exacting punishment. *In re Winship* teaches that due process may only be satisfied in a proceeding that is criminal in nature if the conduct which results in punishment is established by proof beyond a reasonable doubt. The reasonable doubt standard was as necessary here as it would be to establish the elements of a crime warranting imposition of a fine or incarceration in a criminal case.

The district court, understandably relying on our long-established but now rejected rule governing burden of proof, required that Marsha's contumacious behavior be proved only by clear and convincing evidence rather than proof beyond a reasonable doubt. On this record we cannot determine whether the district court, applying a reasonable doubt standard, would have found Marsha in contempt. We therefore must reverse the finding of contempt and resulting punishment.

■ We hold that no person may be punished for contempt unless the allegedly contumacious actions have been established by proof beyond a reasonable doubt. Prior decisions holding to the contrary are thus no longer controlling.

### II. *Penalties Under Section 598.23.*

When a contempt order is sought in a domestic relations action, Iowa Code chapter 665 provides the procedural framework for the contempt action while section 598.-23 defines the potential sanctions. *Skinner v. Ruigh,* 351 N.W.2d 182, 184 (Iowa 1984); *see, e.g., Opperman v. Sullivan,* 330 N.W.2d 796, 797 (Iowa 1983); *Bevers v. Kilburg,* 326 N.W.2d 902, 902–04 (Iowa 1982). Section 598.23 provides in pertinent part:

1. If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense.

2. The court may, as an alternative to punishment for contempt, make an order which, according to the subject matter of the order or decree involved, does the following:

a. [concerns non-payment of child support, not here pertinent].

b. Modifying visitation to compensate for lost visitation time or establishing joint custody for the child or transferring custody.

Plaintiff argues that the district court lacked authority under section 598.23 to sentence her to jail and also modify visitation in the same contempt order. She points out that the provision itself is entitled "[c]ontempt proceedings—*alternatives* to jail sentence." (Emphasis added.)

■ The plain language of section 598.23 provides that the court can modify visitation to compensate for lost visitation

time, or impose a jail sentence, but not both. When a statute is plain and its meaning is clear, we need not search for its meaning beyond its express language. *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981); *State v. Sunclades*, 305 N.W.2d 491, 494 (Iowa 1981). The district court did not have statutory authority to provide in its contempt order both that Marsha be sentenced to a jail term and that she further be punished by having the terms of the dissolution decree modified.

Because we have reversed and remanded for a new hearing on the issue of burden of proof, we need not decide whether this second error constituted reversible error or was harmless to Marsha. The double-barrelled nature of the contempt order may not have been prejudicial to Marsha under the circumstances of this case, because the court had the authority to provide for the jail sentence in the contempt order and then had authority to modify the dissolution decree with respect to visitation in the separate modification proceeding. The district court had heard the application to modify simultaneously with the application for contempt, but modification was provided in the contempt proceeding rather than in the modification proceeding which was taken under advisement. Of course the court was required to consider the long range best interests of the children before entering any order modifying the dissolution decree, whether that modification occurred in the contempt or modification proceeding itself.

If the district court on remand finds Marsha in contempt beyond a reasonable doubt, the contempt order may contain one or the other but not both of the sanctions which the district court here imposed. We do not by this holding suggest what should be the final disposition of the contempt and modification proceedings following remand.

Marsha also argues that she was denied due process because the motion citing her for contempt did not inform her of the potential for a criminal penalty. We need not address that issue. By now Marsha is clearly on notice that on remand and reconsideration of the motion a district judge may impose a jail sentence if her contempt is established beyond a reasonable doubt (and assuming no other alternative punishment provided for in section 598.23 is deemed more appropriate).

WRIT SUSTAINED.