**IN THE COURT OF APPEALS OF IOWA**

No. 14-1462
Filed June 10, 2015

**JON KEENER,**
    Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**
    Defendant.
_____

Certiorari to the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Jon Keener challenges the district court's order finding him in contempt for willfully failing to pay court-ordered child support. **WRIT ANNULLED.**

Micki M. Mayes of Micki M. Mayes Law Firm, Davenport, for plaintiff.

Meghan K. Corbin of Gomez May, L.L.P., Davenport, for defentant.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

In this certiorari action, Jon Keener challenges the district court's order finding him in contempt for willfully failing to pay court-ordered child support. The district court held a hearing on an application for rule to show cause on September 5, 2014. The applicant called Keener to the stand. Before he took the stand, Keener's counsel stated, "Your Honor, I'd ask that Mr. Keener does not testify today, as he does have Fifth Amendment rights." The district court stated Keener must personally assert the Fifth Amendment right against self-incrimination.

Keener took the stand, and after answering a few preliminary questions, he stated, "I plead the Fifth, I guess." The court inquired whether Keener's counsel had any authority for the proposition that Keener was possessed of the Fifth Amendment right in a contempt proceeding as opposed to a criminal one. Counsel responded, "Well, no I do not have any case law with me today; however, he could be facing a jail sentence, so I do believe that the Fifth Amendment rights do apply." The court held, based on counsel's lack of authority on the issue, "I'm going to order him to answer." Keener did not again raise the issue and went on to answer all questions in full.

After the applicant finished presenting her evidence, Keener again took the stand to testify in his own defense. Based only on facts presented in Keener's second round of testimony,[1] the court found him in contempt and

---

[1] In its order, the district court stated:

> The respondent invoked his privilege against self-incrimination. . . . The Court required the respondent to answer the propounded questions. However, in reaching its decision, *the Court does not consider the*

sentenced him to thirty days in the Scott County Detention Center. The same day, Keener's counsel filed a notice of appeal and a petition for writ of certiorari with the Iowa Supreme Court. Our supreme court granted the writ, staying imposition of the sentence "pending resolution of this appeal."[2]

Keener first asserts the district court violated his Fifth Amendment right against self-incrimination. *See* U.S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."). Our review of this constitutional issue is de novo. *See State v. Iowa Dist. Ct.*, 801 N.W.2d 513, 517 (Iowa 2011).

Keener argues the Fifth Amendment protection against compulsory self-incrimination should apply equally in contempt proceedings, which are considered quasi-criminal proceedings in Iowa. *See Phillips v. Iowa Dist. Ct.*, 380 N.W.2d 706, 708 (Iowa 1986). We need not make a determination on this assertion, however, because Keener waived his Fifth Amendment privilege as to his economic circumstances when he testified in his own defense.

> [A] witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details. *See Rogers v. United States*, 340 U.S. 367, 373 (1951). The privilege is waived for the matters to which the witness testifies, and the scope of the "waiver is determined by the scope of relevant cross-examination," *Brown v. United States*, 356 U.S. 148, 154-55 (1958). "The witness himself, certainly if he is a party, determines the area of disclosure and therefore of inquiry." *Id.* at 155.

*Mitchell v. United States*, 526 U.S. 314, 321 (1999).

---

*respondent's answers to these questions*. The respondent elected to take the stand in his own defense, and the Court relies upon this testimony together with the other evidence in the record. (Emphasis added.)

[2] Keener filed both a notice of appeal and a petition for writ of certiorari. We find the proper form of review is as a certiorari action. *See* Iowa R. App. P. 6.109.

On direct examination, Keener's counsel asked, "Mr. Keener, was the nonpayment of . . . child support due to anything other than an economic problem?" Keener responded, "It was just economic." Keener's testimony went on to allege he was unable to afford medication, his rent, or furniture. He testified about his difficulty in finding work. This testimony defined the scope of cross-examination and waived his privilege against self-incriminating testimony as to the subject of his economic inability to pay child support. On cross-examination, Keener testified he had been self-employed as a handyman but had not applied for employment with a construction company to utilize his skills. Keener repeatedly testified, "I'd rather work for myself." He testified he recently acquired a Ford truck. All of this testimony was in response to cross-examination within the scope of Keener's direct testimony and waiver of the Fifth Amendment privilege. Based on his answers to cross-examination questions, the district court found Keener's nonpayment of at least part of his child support obligation to be willful.

Because Keener waived his Fifth Amendment privilege as to the pertinent testimony in this case, his claim the district court violated that privilege is without merit. Keener's second issue before us—whether the district court's finding of contempt was supported by evidence beyond a reasonable doubt—presupposes Keener will prevail on his Fifth Amendment claim. However, the relevant testimony was not subject to a proper Fifth Amendment claim. It constitutes proof beyond a reasonable doubt Keener has not paid at least part of his child support despite having the ability to do so. We affirm the finding of contempt.

Because this is a certiorari action, we therefore annul the writ. *See Harris v. Iowa Dist. Ct.*, 570 N.W.2d 772, 777 (Iowa Ct. App. 1997).

**WRIT ANNULLED.**