# IN THE COURT OF APPEALS OF IOWA

No. 18-1714
Filed September 25, 2019

**BRIANNA CONRAD,**
        Petitioner-Appellant,

**vs.**

**CHARLES CONRAD, JR.,**
        Respondent-Appellee.

_____

**CHARLES CONRAD, JR.,**
        Petitioner-Appellee,

**vs.**

**BRIANNA CONRAD,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Patrick R. Grady,

Judge.


        Brianna Conrad appeals the dismissal of her contempt actions in domestic

abuse proceedings.  **AFFIRMED.**


        Robert L. Teig, Cedar Rapids, for appellant.

        Patricia J. Meier and Jonathon Muñoz of Nidey Erdahl Fisher Pilkington &

Meier, PLC, Cedar Rapids, for appellee.


        Considered by Mullins, P.J., and Bower and May, JJ.

**MULLINS, Presiding Judge.**

In April 2018, the parties filed competing petitions for relief from domestic abuse under Iowa Code chapter 236 (2018). At the time, the parties were husband and wife. They share a child, born in 2016. On May 11, the district court entered final domestic abuse protective orders in each proceeding, protecting each of the parties from the other. Each protective order awarded Brianna temporary custody of the child, with visitation to Charles, and ordered Charles to pay $467.25 for temporary child support and $168.31 for temporary cash medical support, resulting in a total monthly support obligation of $635.56. Neither order specified the date the support payments were to commence nor the periodic due date for each monthly payment. Brianna filed motions to enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2), requesting the court to specify when payments would be due. Charles agreed the court should specify the due date for his payments.

On May 23, the child support recovery unit (CSRU) entered an order for income withholding. On May 30, the court ordered the support payments were due on the fourth day of each month, commencing June 4. On June 1, Charles paid CSRU $440.00 toward his support obligations; the payment was distributed on June 6. On June 12, Brianna filed an affidavit to start contempt proceedings based on the arrearage of $195.56 in the proceeding in which Charles was the protected party. By June 14, an additional $293.33 had been withheld from Charles's wages. The arrearage in the amount of $195.56 was distributed on June 18. The remaining $97.77 was not distributed, apparently because it was not yet due. That amount was ultimately distributed on June 29. Charles moved for dismissal of the contempt action noting his obligation was paid in full. $293.33 was

withheld from Charles's wages on both June 28 and July 12, for a total of $586.66. Those funds were distributed on July 2 and 13, respectively, bringing Charles current on his obligation. On July 11, Brianna filed a second affidavit to start contempt proceedings, this time in the proceeding in which she was the protected party, alleging Charles failed to pay his support obligation for July.

On July 18, the court held a consolidated hearing on Brianna's applications for rule to show cause why Charles should not be held in contempt of court for failing to pay all sums that had been ordered by the court. The court subsequently filed orders dismissing Brianna's contempt actions against Charles, concluding that because there was an income-withholding order in place pursuant to Iowa Code chapter 252D, by operation of section 252D.19A, "she cannot be successful in this instance due to the initiation of and subsequent payments under income withholding." The court also stated: "Finally, even if Charles was technically late on his June payment, this Court does not find that he did so willfully or contumaciously despite Brianna's claim that Charles understated his income at the hearing where child support was established." The court concluded Brianna failed to prove beyond a reasonable doubt Charles was in contempt. Brianna appeals, arguing the court misapplied existing law in its ruling. We will not recite each argument and sub-argument raised in her sixty-page brief, but our analysis will address them either directly or indirectly.

Brianna generally argues the district court erred in failing to find Charles in contempt, alleging three errors: (1) the court relied on superseded caselaw in concluding it had discretion whether to hold Charles in contempt, (2), the court inappropriately considered the case a collection action under Iowa Code chapter

252D rather than an enforcement action under chapter 664A, and (3) the court erred in finding Charles's actions were not willful.

We employ a unique standard of review in contempt proceedings. Our review is not de novo; rather we review the evidence to assure ourselves the judgment is supported by the evidence. *Den Hartog v. City of Waterloo*, 926 N.W.2d 764, 770 (Iowa 2019). Contempt is defined as willful disobedience. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "A party alleging contempt has the burden to prove the contemner had a duty to obey a court order and *willfully* failed to perform that duty." *Id.* (emphasis added). The burden then "shifts to the alleged contemner to produce evidence suggesting the violation was not willful." *Id.* The contemnee "retains the burden of proof to establish willfulness beyond a reasonable doubt." *Id.* A dismissal of a contempt action is appropriate absent proof of willfulness beyond a reasonable doubt. *Den Hartog*, 926 N.W.2d at 770.

We begin with Brianna's final argument, that the court erred in failing to conclude Charles willfully failed to pay his child support on time. First, we hone in on the district court's ultimate conclusion: "Brianna has failed to prove beyond a reasonable doubt that Charles is in willful violation of his support obligation." A finding of willfulness "requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Ary*, 735 N.W.2d at 624 (quoting *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980), *overruled on other grounds by Phillips v. Iowa Dist. Ct.*, 380 N.W.2d 706, 707, 708 (Iowa 1986)). Most of Brianna's brief is premised on her claim she proved contempt and the court then

had no discretion to refuse to order punishment. She claims she proved contempt by proving Charles failed to comply with the terms of the support order. The court, however, specifically found she did not prove contempt beyond a reasonable doubt.

The evidence shows total payments received by the Iowa Collection and Reporting System from June 1 to July 12 and ultimately distributed was $1319.99. The total due from Charles by July 4 was $1271.32. Following the hearing on July 18, the court found Charles was not in contempt of court for failure to pay all sums due by July 4. Timing of wage withholding creates issues in accomplishing a strict compliance with due dates. Iowa Code section 252D.19A acknowledges the same. Brianna argues section 252D.19A is not applicable. We need not decide that question and do not rest our decision on whether that section is applicable to this case, but we cannot ignore the statutory recognition that automatic wage withholdings can result in disparities between support due dates and an obligor's pay dates. We find Charles's upfront payment of $440—though not all that was due on June 4—was a good-faith effort to jumpstart the payment stream, which he apparently knew would be further and regularly infused by the court-ordered wage withholdings. The district court explained that, "even if Charles was technically late on his June payment, this Court does not find that he did so willfully or contumaciously." A review of the evidence assures us the district court's judgment was correct. *See Den Hartog*, 926 N.W.2d at 770. We affirm the district court's ultimate conclusion that Brianna failed to prove willful contempt beyond a reasonable doubt.

As to Brianna's other claims, that the court relied on superseded caselaw in concluding it had discretion whether to hold Charles in contempt and improperly considered the case a collection action under Iowa Code chapter 252D rather than an enforcement action under chapter 664A, we agree with Charles that Brianna has failed to preserve error. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Brianna's first two allegations are complaints about the legal correctness of the district court's analysis and ultimate ruling. The issues raised on appeal were not placed before the district court before its ruling, nor was the court alerted of the complaints now made for the first time on appeal after its ruling. The issues certainly were "not considered by" the district court. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (distinguishing "between the situation where error was preserved even though 'the record or ruling on appeal contains incomplete findings or conclusions,' . . . and the situation where the issue was 'not considered by' the district court and thus error was not preserved." (quoting *Meier*, 641 N.W.2d at 539–40)). "[A] party may use any means to request the court to make a ruling on an issue." *Meier*, 641 N.W.2d at 539. In order to preserve error, Brianna should have filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2) and placed her complaints before the district court for consideration prior to filing her notice of appeal. We are "a court of review, not of first review." *UE Local 893/IUP v. State*, 928 N.W.2d 51, 60 (Iowa 2019) (quoting *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 412 (Iowa 2017)). We will not review Brianna's complaints for the first time on appeal. Nor will we

consider any arguments raised for the first time in her reply brief. *Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992).

Even if error had been preserved, our conclusion above that Brianna failed to prove willful contempt beyond a reasonable doubt necessarily disposes of Brianna's other claims. Because Brianna failed to meet her burden for contempt, the court had no discretion to exercise. Likewise, we have already noted chapter 252D does not control our legal conclusion that Brianna failed to meet her burden. *See In re Marriage of Jacobo*, 526 N.W.2d 859, 866 (Iowa 1995) ("[T]he district court's conclusions of law do not bind us and we exercise unfettered review of the court's application of the law.").

One final matter. On appeal, Charles requests an award of appellate attorney fees and has provided an affidavit of attorney fees. Brianna has filed a motion to strike Charles's request and affidavit as not authorized by statute. Brianna also requests sanctions be imposed. A statute allowing an award of trial attorney fees permits an award of appellate attorney fees as well. *See Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001). Iowa Code section 236.5(4) provides, "The court may order that the defendant pay the plaintiff's attorney fees and court costs." Upon our review of chapter 236, we conclude that provision applies to fees incurred prior to disposition of a petition for relief from domestic abuse, not fees incurred in a subsequent contempt proceeding under chapter 664A or an appeal of only contempt-related issues. "A party generally has no claim for attorney fees . . . in the absence of a statutory or written contractual provision allowing such an award." *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines, Inc.*, 510 N.W.2d 153, 159 (Iowa 1993). Our supreme

court has "recognized a rare exception to this general rule, however, 'when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id.* (quoting *Alyeska Pipeline Serv. V. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)). This requires "at the very least a showing that the [opposing party's] culpability exceeded" the standard for punitive damages contained in Iowa Code section 668A.1. *Id.* Therefore, a party seeking attorney fees "must prove that the culpability of the [opposing party's] conduct exceeds the 'willful and wanton disregard for the rights of another'; such conduct must rise to the level of oppression or connivance to harass or injure another." *Id.* at 159–60.

We do not find that standard met here, and we consequently deny Charles's request for attorney fees. We deny Brianna's request that sanctions be imposed. Costs on appeal are assessed to Brianna.

**AFFIRMED.**