Stephen C. LEONARD,
Applicant–Appellant,

v.

STATE of Iowa, Resister–Appellee.

No. 88–239.

Court of Appeals of Iowa.

April 25, 1989.

William L. Wegman, State Public Defender and B. John Burns, Asst. Public Defender, for applicant-appellant.

Thomas J. Miller, Atty. Gen. and John Parmeter, Asst. Atty. Gen., for resister-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

An inmate at the Iowa State Penitentiary appeals from the denial of postconviction relief after he was adjudicated guilty of violating Disciplinary Rule 27 (obstructive/disruptive conduct). He contends that Rule 27 is unconstitutionally vague and that there was insufficient evidence in the record to support a finding of guilt.

On February 2, 1987, inmate Leonard refused to accept his personal property brought to his cell by correctional officers because he believed that additional property was allowed to his status. After this, Leonard repeatedly requested that officers bring him his personal property. On February 9, 1987, Leonard again requested his personal property from a Sergeant Harper. Harper asked Leonard if he would accept the property if it was brought from the property storage room. Leonard said he would. However, after Harper arranged for the property Leonard was entitled to

have to be brought to the cell, Leonard refused to accept it. As a result, Leonard received a disciplinary report for violating Disciplinary Rule 27.

Leonard first claims that this disciplinary rule is unconstitutionally void for vagueness. The rule provides:

Obstructive/Disruptive Conduct:

An inmate commits an offense under this subsection when the inmate:

a. Transmits through any form of communication threats, demands, or suggestions which abrogate disruption of operations of any segment of an institution or

b. Conducts her/himself in a manner which disrupts or interferes with the security, tranquillity or orderly running of the institution, including but not limited to: 'horseplay'; rough housing; interfering with search; making false fire alarm; participating in authorized [sic] meetings, gatherings or petitioning; throwing food, liquid or other subjects; spitting; encouraging others to refuse to work or participate in work stoppage; engaging in or encouraging a group demonstration etc.

Disciplinary rules of penal institutions do not define crimes and the full criminal law strictures on vagueness do not apply. However, where as here sanctions are involved, disciplinary rules must be intelligible to provide adequate notice. *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 759 (Iowa 1979). A determination of the sufficiency of the notice provided by a rule must be examined in light of the alleged conduct. *Parker v. Levy*, 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458 (1984). Finally, rules are presumed valid and the court should seek an interpretation which supports the constitutionality of the rule. *Id.*

Applying these principles, Disciplinary Rule 27 provides adequate notice to inmates that behavior which interrupts the orderly operations of the prison will not be tolerated. Rule 27 is intelligible and clearly covers conduct such as Leonard's which "disrupts or interferes with the ... orderly running of the institution." Disciplinary Rule 27 is not void for vagueness.

Secondly, Leonard asserts that there was no evidence in the record to support a finding that he violated Rule 27. The standard for upholding a prison disciplinary decision is if the decision is supported by some facts. *Wilson v. Farrier*, 372 N.W.2d 499, 502 (Iowa 1985). Any evidence which supports the prison's actions is sufficient to uphold the decision. *Id.* Considering the facts in a light most favorable to the State, our review of the record reveals some evidence that Leonard's conduct disrupted the prison operations. Therefore, we uphold the prison's disciplinary decision.

AFFIRMED.