**Gary R. WINNETT, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 90–480.

Court of Appeals of Iowa.

April 23, 1991.

Linda Del Gallo, State Appellate Defender, and Patricia R. Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Kristin W. Ensign, Asst. Atty. Gen., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Petitioner Gary R. Winnett appeals denial of his application for postconviction relief. Charged with violating prison rule 41, an attempt to violate a prison rule, Winnett argues rule 41 is void for vagueness and that the evidence is insufficient to support a finding that he violated the rule. We affirm the denial of postconviction relief.

I. Winnett is an inmate at the State penitentiary, serving a life sentence for first-degree murder. During a routine search of Winnett's cell, prison officials discovered a stamped envelope containing a note. The handwritten note stated:

> I'm sending you some money, cash it, give to a friend, and have him fill out a money order. Send it back to Jerry Sumpter Jr. 081383 in care of Warden Nix.

Prison rule 33(a) prohibits inmates from exchanging anything of value. Rule 33(b) prohibits inmates from transferring funds from one inmate to another. Rules 40 and 41 state:

> 40. *Misuse of Mail, Telephone, and Other Communications:* Any inmate commits an offense under this subsection when the inmate fails to follow institutional procedures, regulations or instructions, written or verbal, for the use of institutional communication facilities such as the mail or telephones, or uses such facilities without authorization.
>
> 41. *Attempt or Complicity:* An inmate commits an offense under this subsection when the inmate has complicity or attempts to do any of the above offenses and shall be treated as though the inmate personally committed the offense.

Prison authorities determined from the note found in Winnett's cell that he sought to circumvent rule 33 and thereby committed an attempt (under rule 41) to misuse the mail (a violation of rule 41). Winnett received fifteen days disciplinary detention, loss of 180 days "good time," invocation of suspended dispositions, and six months in administrative segregation.

Winnett exhausted his administrative remedies and sought postconviction relief. Looking to our decision in *Guy v. State*, 396 N.W.2d 197 (Iowa App.1986), the district court noted that rule 40 does not require that the inmate send the offending note, but that he intend to do so. The district court determined that there was evidence to support a finding that Winnett intended to violate rule 40 and consequently violate rule 41. The court denied postconviction relief, and Winnett appeals.

Winnett contends that prison rule 41 is unconstitutionally vague and that the evidence did not support a finding that he had violated it. Ordinarily, our review of postconviction relief proceedings is for errors of law. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction petitioner asserts violation of constitutional safeguards, we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.*

II. "[D]isciplinary rules of penal institutions do not define crimes, and the full criminal-law strictures on vagueness are inapplicable. Since sanctions are involved, however, disciplinary rules must be intelligible." *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 759 (Iowa 1979);

*accord State v. Leonard,* 442 N.W.2d 274, 275 (Iowa App.1989). In discussing a void-for-vagueness challenge to a statute, our supreme court has stated: "[T]o withstand a constitutional attack, a penal statute must satisfy two standards: '(1) it must give a person of ordinary intelligence fair notice of what is prohibited, and (2) it must provide an explicit standard for those who apply it.' " *Saadiq v. State,* 387 N.W.2d 315, 321 (Iowa 1986) (quoting *State v. Pierce,* 287 N.W.2d 570, 573 (Iowa 1980)). In examining a vagueness challenge to a prison rule, we have noted that "[a] determination of the sufficiency of notice provided by a rule must be examined in light of the alleged conduct." *Leonard,* 442 N.W.2d at 275 (citing *Parker v. Levy,* 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1984)). We presume the rule is valid and seek an interpretation which supports the constitutionality of the rule. *Id.*

As an initial matter, we think the issue of whether the rule is void for vagueness was properly before the district court. The issue was raised in various pleadings before the court. The district court appears to have ruled against Winnett insofar as it did not address the issue in its decree.

■ Prison rule 41 provides fair and adequate notice that an attempt to violate other prison rules may be treated as though the inmate had actually violated another prison rule and is punishable by appropriate sanctions. This is thoroughly intelligible on the face of the rule and provides sufficient notice to inmates. Prison rule 41 is not void for vagueness.

■ Winnett also seems to argue that prison rule 40 is unconstitutionally vague. Without directly addressing this issue, in *Guy v. State,* 396 N.W.2d 197, 202 (Iowa App.1986), we upheld a prison disciplinary action based on a violation of prison rule 40. We interpreted the rule as "simply provid[ing] that 'communications' such as letters are *means* of communications which are allowed so long as they are not misused." *Id.* We now hold that prison rule 40 provides fair and adequate notice that misuse of prison communications is punish-able by appropriate sanctions. We also hold that rule 40 provides fair and adequate notice that use of prison communications to violate other prison rules is proscribed misuse. Rule 40 is not void for vagueness.

III. It is now well established that we apply the "some evidence" standard when reviewing prison disciplinary actions. *Wilson v. Farrier,* 372 N.W.2d 499, 501 (Iowa 1985); *accord Harper v. State,* 463 N.W.2d 418, 420–21 (Iowa 1990). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion of the prison disciplinary board." *Wilson,* 372 N.W.2d at 501 (quoting *Walpole v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985)).

As the district court noted, this case is much like *Guy v. State.* Guy wrote, but had not sent, a letter proposing sexual conduct in violation of another prison rule. We said, "Prison rule 40 also does not contain language requiring the misused means of communications be received by the intended party." 396 N.W.2d at 202. Guy initially admitted that he had intended to send the letter, but argued on appeal that it was only his personal thoughts reduced to writing.

Instead of proposing sexual misconduct, the underlying proscribed conduct in this case is a proposed exchange of anything of value between inmates, governed by prison rule 33. Although rule 33 also prohibits attempts to exchange anything of value, prison authorities instead found an attempt to misuse the mail. Winnett argues that he never intended to send the note and that it was only a ruse to trap a prison guard whom he believed had been rummaging through his cell.

■ We find that the note found in the stamped, unaddressed envelope is some evidence showing an attempt to misuse the mail. We, like the prison authorities and the district court, find Winnett's story about not intending to send the note incredible. The note contained a proposal to violate a prison rule. This was a misuse of communication. We therefore hold that

the prison disciplinary action was properly supported by some evidence.

IV. We hold that prison disciplinary rule 41 is not unconstitutionally void for vagueness. We further hold that there was some evidence supporting the prison disciplinary action. Consequently, we affirm the district court order denying post-conviction relief.

AFFIRMED.