Curtis JONES, Applicant–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 92–120.

Court of Appeals of Iowa.

Nov. 30, 1992.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., and Kristin W. Ensign, Asst. Atty. Gen., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HABHAB, JJ.

DONIELSON, Presiding Judge.

Curtis Jones appeals from the district court ruling dismissing his application for postconviction relief which challenged a prison disciplinary action against him.

Following a routine search of Jones's cell at the Iowa State Men's Reformatory in Anamosa, a correctional officer discovered two drawings of a rabbit's head which had one ear upright and one ear bent. At least one of the drawings was viewed as having the initials "V.L.," apparently standing for the Vice Lords, a prison gang. Evidence also associated Jones with gang activity and, as a result, the drawings were found to be gang-related.

Jones was charged with violating rule 16 and rule 27 of the Iowa State Men's Reformatory. Rule 16 concerned the possession of unauthorized materials and rule 27 concerned disruptive conduct. Following a hearing, the disciplinary committee found Jones had violated both rules. The committee concluded Jones violated rule 27 by his possession of drawings considered to be gang-related.

The committee stated its ruling was based on information and a report received from the correctional officers at the Iowa State Men's Reformatory, a witness statement from an inmate, Jones's admission of possession of the drawings, and information that the Mount Pleasant Correctional Facility and the Des Moines Police Department both had identified Jones to be a gang member. On the basis of its finding, the committee imposed 15 days of disciplinary detention, 180 days of administrative segregation, and the loss of 16 days good conduct time.

Jones then proceeded through the administrative appeal process. In March 1991, Jones filed an application for postconviction relief challenging the disciplinary action taken against him. He claimed the disciplinary committee's decision was not supported by sufficient evidence and the rules were unconstitutionally vague on their face and as applied to him. In December 1991, following a hearing, the district court denied the application. The court determined there was sufficient evidence to find Jones had violated rule 16 and rule 27. The court also concluded the rules in question were not unconstitutionally vague.

Jones now appeals. He contends the prison rule regarding disruptive conduct was unconstitutionally vague as applied to him. Jones also claims there was insufficient evidence to find him guilty of violating both rule 16 and rule 27.

■ I. *Constitutionality of Rule 27.* Jones first argues rule 27 is unconstitutionally vague as it applied to him. The issue of whether a rule is vague involves a fundamental constitutional question. Where fundamental constitutional questions are involved, we review the case de novo in the light of the totality of circumstances involved. *Picard v. State*, 339 N.W.2d 368, 373 (Iowa 1983).

■ Disciplinary rules of penal institutions do not define crimes, and the full criminal law strictures on vagueness do not apply. *Leonard v. State*, 442 N.W.2d 274, 275 (Iowa App.1989). However, when sanctions are involved, disciplinary rules must be sufficiently intelligible to provide adequate notice. *Id.* (citing *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 759 (Iowa 1979). A determination of the sufficiency of the notice must be examined in light of the alleged conduct. *Id.* (citing *Parker v. Levy*, 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458 (1974)). Rules are presumed valid, and the court should seek an interpretation which supports the constitutionality of the rule. *Id.*

■ Disciplinary rule 27, in pertinent part, defines "obstructive/disruptive conduct" as conduct "which disrupts or interferes with the security, tranquillity or orderly running of the institution." Rule 27 provides adequate notice to inmates that behavior which interrupts the orderly operations of the prison will not be tolerated. *Leonard*, 442 N.W.2d at 275.

Jones violated rule 27 by possessing unauthorized gang-related material. Allowing gang-related symbols to flow freely throughout a correctional institution could create conflict among the inmates by allowing inmates to intimidate others by their gang membership or to intimidate others to join their gang. By possessing these gang symbols, Jones would have encouraged, promoted, or continued gang activity and

the problems gang activity brings to a correctional institution.

Prior to these disciplinary proceedings, Jones had received a reprimand that certain symbols or graffiti were considered by prison officials to be gang-related. We agree with the district court's finding that the fact Jones had previously been reprimanded for the same type of violation is relevant to whether Jones realized the drawings represented gang symbols.

Rule 27 is sufficiently intelligible to provide adequate notice to Jones that he would be disciplined for participating in gang activity or possessing gang-related material. Rule 27 clearly covers conduct such as Jones' which "disrupts or interferes with the ... orderly running of the institution." We find rule 27 is not void for vagueness.

II. *Sufficiency of the Evidence.* Jones also contends there was insufficient evidence in the record to support a finding that Jones violated either rule 16 or rule 27.

The standard for upholding a prison disciplinary decision is if the decision is supported by some facts. *Leonard v. State,* 442 N.W.2d 274, 275 (Iowa App. 1989). Any evidence which supports the prison's actions is sufficient to uphold the decision. *Id.*

An inmate violates rule 16 when he possesses unauthorized property. Although rule 16 does not include gang-related property, the information guide distributed to inmates identifies gang-related materials as being unauthorized property. The fact the letters "V.L.," the initials for the gang the Vice Lords, appeared on one of the drawings constitutes some evidence that the drawings were gang-related. Also, the committee relied on reports and information given from correctional officers in finding the drawings possessed by Jones to be gang-related. We find the record reveals sufficient evidence that Jones violated rule 16 by possessing unauthorized property.

We also find Jones, by possessing gang-related materials, violated rule 27 regarding disruptive conduct. The posses-sion of these drawings is some evidence of Jones's participation in gang activity. This is sufficient to form a basis for the committee's finding that Jones had engaged in disruptive conduct.

Therefore, we find there was sufficient evidence to find Jones guilty of violating rule 16 and rule 27, and the district court properly denied Jones' application for post-conviction relief.

The costs of this appeal are taxed to Jones.

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.