James BLAIR, Appellant,

v.

STATE of Iowa, Appellee.

No. 91–1884.

Court of Appeals of Iowa.

Feb. 2, 1993.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and R. Andrew Humphrey, Asst. Atty. Gen., for appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

On appeal James Blair, an inmate at the Anamosa reformatory, asserts the district court wrongfully denied him postconviction relief from a prison disciplinary determination he violated a prison rule. The discipline resulted from Blair's refusal to obey three direct orders to work a second shift of overtime. The orders were made by a correctional officer. The applicant claims he had earlier agreed with another correctional officer to work one overtime shift which would terminate just prior to the Super Bowl game. Apparently, there was not clear cut policy regarding an inmate working overtime at the prison.

A disciplinary report charged the applicant with disobeying a lawful order in violation of prison rule 23. On February 5, 1991, the disciplinary committee found the applicant had disobeyed a lawful order during the incident. The committee placed the applicant in ten days of disciplinary detention, deducted sixteen days of good time, and imposed other disciplinary sanctions.

After exhausting all administrative remedies, Blair applied to the district court for postconviction relief. Blair challenged all disciplinary sanctions imposed upon him. The applicant asserted the order to work overtime was unreasonable and the imposi-

tion of disciplinary sanctions for such a rule violation under these circumstances was unlawful.

On November 26, 1991, the district court entered an order denying the postconviction relief application. The court determined Blair had a duty to obey the order of the correctional officer and there was substantial evidence supporting the committee's decision. Although the court determined the result was questionable on a fairness basis, the court concluded there was no violation of due process. The court, however, thought the prison should adopt clear rules regarding a prisoner's responsibility to work overtime.

On December 6, 1991, Blair filed a petition for writ of certiorari. On January 30, 1992, the Iowa Supreme Court entered an order allowing the case to proceed as an appeal.

■ Generally, our review of postconviction relief proceedings is for errors of law. *State v. Hinkle*, 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction applicant asserts a constitutional violation, our review is de novo. *Rushing v. State*, 382 N.W.2d 141, 143 (Iowa 1986) (citation omitted).

■ Prison authorities disciplined Blair for disobeying an order to work overtime. In order to find an inmate in violation of rule 23 (disobeying a lawful order) one of the requirements is "the inmate must receive a direct order to refrain from conduct that is violative of a rule, regulation, or procedure." *Harper v. State*, 463 N.W.2d 418, 420 (Iowa 1990). There is no evidence a prison rule exists requiring a prisoner to work overtime whenever requested by a person in authority. Blair believed overtime was voluntary. There is no evidence any person in authority informed Blair a refusal to work overtime, specifically a second shift of overtime, was prohibited by the prison rule. *Id.* at 421. To find an inmate in violation of rule 23 it is also necessary the underlying order was reasonable. Iowa Department of Corrections, Rules, Regulations, and Disciplinary Procedures for the Government of the Iowa State Penitentiary Inmates, at II–G–

52 (May 16, 1984). The correction officer's order for Blair to work a second overtime shift is not reasonable in the absence of a rule mandating overtime when requested and the fact Blair had already worked one regular shift and one overtime shift.

We reverse the district court denial of postconviction relief. We set aside the discipline which had been imposed upon Blair and restore his good time which had been deducted.

**REVERSED.**