Dexter **HUGHES**, Appellant,

v.

**STATE of Iowa,** Appellee.

No. 93–430.

Supreme Court of Iowa.

March 23, 1994.

Patrick E. Ingram of Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and William Hill, Asst. Atty. Gen., for appellee.

Considered by CARTER, P.J., NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

Postconviction applicant Dexter Hughes appeals from the denial of relief with respect to sanctions imposed in a prison disciplinary proceeding. A prison disciplinary commission found that Hughes had violated two institutional rules: prison rule 23 (disobeying a lawful order) and prison rule 26 (verbal abuse). The essence of the first alleged violation was that Hughes disobeyed an order to sign a receipt for a law book he had requested from the prison library. The essence of the second violation was that, at the time of the first alleged violation, Hughes directed offensive, obscene, and abusive language toward the prison librarian.

In challenging the committee's finding, Hughes contends that the violation charging refusal of a lawful order is invalid because "there was no rule, regulation, or procedure to substantiate the order given." His challenge to the verbal abuse violation is predicated on his claim that he was denied due process when making the record on that violation when the committee refused to consider a witness statement that he tendered. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

I. *Alleged Disobedience of a Lawful Order.*

■ In challenging the disciplinary committee's finding with respect to the violation of prison rule 23, Hughes, although casting his argument in the form of a due process violation, advances no substantive constitutional argument. Rather, he asserts that the rule prohibiting disobedience of a lawful order was not violated because no rule, regulation, or procedure existed within the institution to substantiate the order given. Hughes bases this argument on his interpretation of our decision in *Harper v. State*, 463 N.W.2d 418 (Iowa 1990). As an alternative, he argues that the order was not reasonable based on the circumstances existing at the time it was given, a circumstance that justified his disobedience under the rationale of the court of appeals in *Blair v. State*, 498 N.W.2d 412 (Iowa App.1993).

With respect to Hughes' first argument, we find nothing in our *Harper* decision that states that, in order for a rule 23 violation to exist, the order violated must be tied to a formal rule, regulation, or procedure. The language of rule 23 suggests that it need not. That rule provides:

An inmate commits an offense under this subsection when the inmate refuses to obey an order, rule, regulation, or procedure, *written or verbal,* given by any staff of the Division of Corrections, or other person in authority....

*Rules, Regulations and Disciplinary Procedures for the government of the Iowa State Penitentiary Inmates,* rule 23 (May 16, 1984) (emphasis added). The disciplinary finding challenged in *Harper* was determined to be invalid because the institutional policy on which the violation was based had not been communicated to the inmate. In the present case it appears without dispute that the policy was not only communicated to Hughes at

the time the order was disobeyed but, in addition, he had knowledge of the policy from prior experiences in checking out law books from the prison library.

With respect to Hughes' argument concerning the reasonableness analysis employed in *Blair*, that claim fails on the facts. It is his contention on this appeal that inmates with books in their cells must have receipts for the books in their possession in order to avoid violating another rule of the institution. When pressed to demonstrate that the receipt requirement involved possession of the receipt by the inmate rather than requiring a receipt to be on file with the prison librarian, Hughes was unable to substantiate his claim. Because his theory of why the order was not reasonable is not substantiated in the record, the district court correctly rejected his challenge to the rule 23 violation.

## II. *The Record Made on the Verbal Abuse Violation.*

■ Hughes challenges the committee's finding on the verbal abuse allegation by alleging that the committee found a written witness statement that he tendered to be irrelevant and thus refused to consider the statement. He urges that this was a denial of due process.

Once again we must find that his claim is not supported by the facts. The substance of the witness statement in question was that another inmate had heard the prison librarian shouting an obscenity at Hughes at or about the same time that Hughes was charged with shouting an obscenity at the librarian. The committee's determination of relevancy did not cause it to ignore this statement. As was explained by a witness at the postconviction hearing, the comment on relevancy was an expression of the committee's view that the witness statement (that the committee had considered) was not material or relevant to the merits of the verbal abuse allegation. This witness did concede, however, that this evidence, if believed, might be a mitigating factor in determining the sanction to be imposed. There is nothing in the record, however, to indicate that the committee, in its determination of a sanction, did not consider that statement for whatever merit it might have. As a result, the record is inadequate to support Hughes' claim of a due process violation.

We have considered all arguments presented and conclude the judgment of the district court should be affirmed.

**AFFIRMED.**