Monte **SEAGER**, Appellant,

v.

**STATE of Iowa**, Appellee.

No. 94–760.

Court of Appeals of Iowa.

Oct. 31, 1995.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Forrest Guddall, Assistant Attorney General, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

CADY, Judge.

This is an appeal by an inmate at the Iowa Men's Reformatory from the denial by the district court of his application for postconviction relief. The inmate claimed a prison disciplinary committee improperly used a Class I rule to punish him for violating a Class II rule. On our review, we affirm the district court.

Monte Seager is an inmate at the Iowa State Men's Reformatory in Anamosa. The prison disciplinary committee disciplined

Seager after an unauthorized file was found in the storage base of a computer he had used. Seager admitted to creating the file, which contained a sexual joke.

Prison officials had told Seager, as well as other inmates, approximately one year prior to his creation of the file that personal use of a computer was prohibited. Seager was told again a month or so before the incident, after it was discovered that another inmate used a computer to promote wagering on football games. The committee found Seager's conduct violated Department of Corrections Rule 23. Seager received thirty days of disciplinary detention I and lost sixteen days of good conduct time.

■■■■ Inmate disciplinary rules are generally classified as Class I offenses and Class II offenses. Class I offenses involve rules implemented by the Department of Corrections and are commonly referred to as major rules. Class II offenses involve rules of the institution and are known as minor rules. A violation of a major rule can result in the loss of good conduct time. The violation of minor rules does not result in loss of good conduct time.

Institution General Order 24, a minor rule, prohibits personal use of computers. On the other hand, department Rule 23, a major rule, prohibits the disobedience of a lawful order or directive. It provides:

An inmate commits an offense under this subsection when an inmate:

a. Fails to obey a written rule or posted order;

b. Fails to obey a verbal order given by a person in authority or staff of the institution;

c. Interferes with or circumvents established procedures.

Seager claims his conduct only violated Rule 24, and he cannot be punished under a department rule which allows a minor of-

fense to be elevated to a major offense. He asserts Rule 23 constitutes an improper delegation of authority and fails to provide adequate notice by giving prison officials unbridled discretion to charge major offenses when only minor offenses have been committed.

■■ Prison authorities have broad discretion in prison disciplinary matters. *See Harper v. State*, 463 N.W.2d 418, 421 (Iowa 1990). This discretion, however, is not unlimited. *Id.* In *Harper*, the court held prison authorities have no discretion to charge a serious offense in an inmate disciplinary case when only a minor offense has been committed. *Id. See Giles v. State*, 511 N.W.2d 622, 626–27 (Iowa 1994). The court concluded that before a major rule could be used to punish conduct in violation of a minor rule, the inmate must have engaged in conduct in violation of the minor rule after the prohibited action was communicated to the inmate by a person in authority. *Id. See Giles*, 511 N.W.2d at 626–27. Thus, the sanctioned conduct involves more than the violation of a rule, but rather involves the disobedience of a staff directive or order.

■■ It is a minor offense under institution rules to use a computer for personal matters. However, this case does not simply involve the violation of an institution rule. Unlike the inmate in *Harper*, Seager was told by prison staff, on two occasions, not to engage in the conduct prohibited by Rule 24. The last directive was approximately one month before Seager's incident. Despite these orders Seager engaged in the prohibited act and knew his conduct was wrong. *See Giles v. State*, 511 N.W.2d at 626 (Rule 23 violated when inmate operated radio at loud volume two hours after an order from a correctional officer to turn the volume down). We believe this supports the *Harper* requirements, and further supports the decision to charge the violation of a major offense.[1] Seager violated

---

1. Like this case, *Harper* focused on a Rule 23 violation. The rule, at that time, provided:

Disobeying a lawful order:
An inmate commits an offense under this subsection when the inmate refuses to obey an order, rule, regulation, or procedure, written or given by staff of the Division of

Corrections, or other person in authority ... *See Harper v. State*, 463 N.W.2d at 420.

The rule is now expanded to three subsections, including the failure to obey a verbal order given by a person in authority or staff of an institution. Because Seager was told not to engage in the prohibited conduct in this case, we need not

Rule 23(b) by failing to obey a verbal order. We affirm the district court.

**AFFIRMED.**

decide if all the *Harper* requirements remain for each subsection of the post-*Harper* amendments to Rule 23. We note, however, that the *Harper* decision did not rest solely on the interpretation of the language of the rule. The court also recognized due process principles as an impedient to charging serious offenses when only a minor offense has been committed. *Harper v. State*, 463 N.W.2d at 421.