Duane SMITH, Appellee,

v.

STATE of Iowa, Appellant.

No. 94–2072.

Supreme Court of Iowa.

Jan. 17, 1996.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellant.

Patrick Ingram of the Mears Law Office, Iowa City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

This case presents a narrow issue concerning prison discipline: Must a correctional officer's verbal order to an inmate be based upon a written rule, regulation or procedure in order to provide a valid basis to discipline an inmate who refuses to obey the verbal order? Although the district court held that conduct forbidden by a verbal order must violate a rule, regulation or procedure, we disagree and consequently reverse.

Appellee, Duane Smith, is an inmate of the Iowa State Penitentiary. Correctional officer Putnam observed Smith wearing a religious medallion. Putnam checked with his supervisor who told him that the medallion was not authorized. Putnam then informed Smith what Putnam had been told and gave Smith a direct order to surrender the medallion. Smith refused to do so, claiming he had obtained the medallion through proper chan-

nels. In fact, Smith had previously obtained permission from prison officials to wear the medallion.

Later the same day Smith received a disciplinary report charging him with several rule violations, including a violation of prison rule 16 (unauthorized possession) and prison rule 23 (disobeying a lawful order). A prison adjustment committee found Smith innocent of violating rule 16, but guilty of violating rule 23; it imposed sanctions.

■ After exhausting his administrative remedies, Smith filed an application for post-conviction relief. The district court granted Smith's application, holding that a correctional officer's verbal order must be based on a rule, regulation or procedure. The district court concluded that because Smith's medallion was authorized and therefore his possession did not violate any rule, regulation or procedure, there was no basis for the officer's verbal order to hand over the medallion. We review for correction of errors of law. *Giles v. State,* 511 N.W.2d 622, 626 (Iowa 1994).

I. Prison rule 23 is the disciplinary rule dealing with an inmate's disobedience of a lawful order:

An inmate commits an offense under this subsection when the inmate refuses to obey an order, rule, regulation, or procedure, written or verbal, given by any staff of the Division of Corrections, or other person in authority, which is reasonable in nature, and which gives reasonable notice of the conduct expected.

Rules, Regulations & Disciplinary Procedures for the Government of the Iowa State Penitentiary Inmates II–G–52 (May 16, 1984). The district court interpreted this rule consistently with *Blair v. State,* 498 N.W.2d 412, 413 (Iowa App.1993). In *Blair,* the Iowa Court of Appeals, relying on our decision in *Harper v. State,* 463 N.W.2d 418 (Iowa 1990), held that a verbal order to an inmate must be directed to conduct that is " 'violative of a rule, regulation or procedure.' " *Blair,* 498 N.W.2d at 413 (quoting *Harper,* 463 N.W.2d at 420). The court of appeals concluded that an inmate's refusal to obey a correctional officer's request for the

inmate to work overtime did not violate rule 23 because the verbal order was not based on a prison rule requiring overtime work. *Id.*

■ Since the *Blair* decision, however, we have held that a verbal order need not "be tied to a formal rule, regulation, or procedure." *Hughes v. State,* 513 N.W.2d 711, 712 (Iowa 1994). We now expressly overrule *Blair* insofar as it held that such an underlying rule, regulation or procedure is necessary. Furthermore, we disavow any inconsistent implication in *Harper.*[1]

■ This interpretation of rule 23 is consistent with principles applied in analogous areas. For example, one may be guilty of the crime of resisting arrest even if the initial arrest is illegal. *State v. Dawdy,* 533 N.W.2d 551, 556 (Iowa 1995). Similarly, a party must obey a court order even though the order itself is erroneous. *Lutz v. Darbyshire,* 297 N.W.2d 349, 352 (Iowa 1980) (if the court has jurisdiction and the legal authority to make an order, it must be obeyed even if the order is erroneous). We have recognized that the ability of the court to impose sanctions for a party's refusal to follow the court's order is " 'essential to the efficient discharge of judicial functions.' " *Id.* (quoting *Yocum v. Gaffney,* 257 Iowa 207, 210, 131 N.W.2d 826, 828 (1964)). The same considerations apply here: the power of the correctional institution to discipline inmates for failing to obey direct orders is essential to "a safe and orderly institutional environment." *See* Iowa Code § 904.505 (1993) (statutory guidelines for inmate discipline allow sanctions necessary "to promote a safe and orderly institutional environment"). Thus, Smith may not choose to disobey the order merely because his possession of the medallion was authorized.[2]

■ We conclude, therefore, that a violation of rule 23 exists when an authorized person communicates a reasonable order, verbally or in writing, to an inmate to refrain from certain conduct and the inmate refuses to cease the offending behavior. It is not necessary that the conduct be prohibited by a formal rule, regulation or procedure. Consequently, we must reject the district court's ruling that Smith could not be guilty of a rule 23 violation because the offensive conduct—possession of the medallion—did not violate any rule, regulation or procedure.

The disciplinary committee found that correctional officer Putnam gave Smith a direct order to surrender the medallion and Smith refused. Smith does not argue that there is not "some evidence" in the record to support these factual findings. *See Giles,* 511 N.W.2d at 626 (disciplinary action will be affirmed if "some evidence" exists to support the committee's finding that the inmate violated rule 23). Therefore, Smith's application for postconviction relief must be denied unless there is merit in the additional arguments he makes to overturn the committee's decision.

■ II. First, Smith asserts that he had no notice that his refusal to surrender the medallion would be a rule violation, especially since he had permission to possess the medallion. In this regard it is important to remember that the committee did not discipline Smith for possessing the medallion; he was disciplined for failing to surrender it when ordered to do so. With this important distinction in mind, we conclude that Smith had adequate notice that his conduct would subject him to discipline.

Rule 23 clearly gives inmates notice that they must obey any reasonable verbal order of a correctional officer or risk discipline. Moreover, Smith does not claim that he did not hear Putnam's order to hand over the

---

1. Although we have rejected the statement in *Harper* that the offending conduct must violate a rule, regulation or procedure, *Harper* continues to stand for the proposition that a rule 23 violation occurs only when the inmate refuses to obey a direct order from a person in authority to refrain from certain conduct.

2. We do not imply that there are no limitations on the orders that may be given to an inmate. As rule 23 itself states, the order must be "rea-

sonable in nature." The State and Smith debate in their briefs the appropriate standard by which to judge the reasonableness of an order. However, Smith's challenges to the committee's imposition of discipline do not require a decision on that issue. It is sufficient for purposes of Smith's claim to conclude that an order is not unreasonable merely because the conduct the inmate is ordered to stop is not in itself unauthorized.

medallion. Therefore, Smith's awareness of the verbal order combined with the existence of rule 23 gave him adequate notice that his persistence in keeping the medallion would be a rule violation.

■ III. Smith's second argument is that the order violated his "religious rights." However, Smith does not identify the legal basis for this assertion and cites no authority to support it. We conclude he has waived this issue. *See Genetzky v. Iowa State Univ.*, 480 N.W.2d 858, 861 (Iowa 1992); Iowa R.App.P. 14(a)(3).

Finding no basis to set aside the decision of the prison adjustment committee, we reverse and remand for entry of an order denying Smith's request for postconviction relief.

**REVERSED AND REMANDED.**