**James LOVE, Jr., Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 95–405.

Supreme Court of Iowa.

June 19, 1996.

Rehearing Denied July 26, 1996.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Forrest Guddall, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

James Love, Jr., appeals from a district court order dismissing his application for postconviction relief. Love complains the prison disciplinary committee at the Iowa Men's Reformatory (IMR) improperly found that he had violated rule 23. Additionally, his complaint raises procedural due process concerns.

Rule 23 is a major rule promulgated by the Iowa Department of Corrections (IDOC). Among other things, the rule provides that inmates commit a violation of the rule by failing to obey a (1) written or posted order, or (2) a verbal order given by any person in authority or staff of the institution. Proven violations of rule 23 can result in imposition of major sanctions like the loss of good time credits.

Love maintains our decision in *Harper v. State*, 463 N.W.2d 418 (Iowa 1990), requires the following result. Before a prison disciplinary committee can impose major sanctions upon an inmate under rule 23 for a minor rule infraction, the inmate must disobey a direct order by any person in authority or staff warning the inmate about the prohibited behavior. No order was given in Love's case, but the prison disciplinary committee imposed major sanctions on Love under rule 23 for a minor rule violation.

Where an infraction of a minor rule is the basis for invoking rule 23, we conclude procedural due process requires us to impose the following requirement. Prison authorities must state adequate reasons—in addition to the underlying infraction—in (1) the disciplinary notice, and (2) the disciplinary decision to justify rule 23 sanctions. We reverse the district court order dismissing Love's application for postconviction relief from the prison disciplinary committee's imposition of major sanctions for violating rule 23. We do so because the disciplinary notice and committee decision did not state adequate reasons to justify rule 23 sanctions. We remand for consideration of the appropriate sanction for Love's uncontested violation of rule 16.

### I. *Background Facts and Proceedings.*

On December 9, 1993, a correctional officer searched Love's cell at IMR and found legal papers belonging to another inmate. Love admitted to the officer that he had agreed to help the inmate with his legal work. Apparently, under a local correctional facility rule, inmates at IMR are permitted to help other inmates with their legal work only if the inmates involved sign an agreement of understanding. Love admitted he had failed to sign the agreement before agreeing to help the fellow inmate with his legal problem.

Love received a disciplinary notice charging him with violating rules 16, 23, 33, 40, and 43. At the December 10 hearing before the adjustment committee on the disciplinary notice, Love conceded he had violated rule 16 (unauthorized possession). Rule 16 prohibits inmates from possessing, among other things, "property belonging to someone else or anything not authorized." Love admitted

his possession of the inmate's legal papers absent the written agreement violated rule 16.

Love argued, however, that he had not violated rule 23 because he had not received a direct order from any person in authority or staff to stop giving unauthorized legal help to another inmate.

The committee found Love guilty of violating rules 16 and 23. The committee imposed as discipline (1) five days of cell restriction, (2) two weekend lockups, (3) loss of sixteen days good conduct time, and (4) an order prohibiting Love from assisting other inmates with legal matters.

Love appealed to the warden from the committee's conclusion that he had violated rule 23. The assistant warden modified and affirmed the committee's decision. The modification permitted Love to apply for permission to again handle the legal affairs of fellow inmates after one year elapsed.

Love appealed the warden's decision to the IDOC. The IDOC thereafter denied Love's appeal.

Later, Love filed an application for postconviction relief in district court. Following a hearing, the district court affirmed the committee's decision and dismissed Love's application.

It is from the district court's dismissal order that Love appeals.

### II. *Scope of Review.*

█ Love raises procedural due process concerns which implicate the Federal Constitution. We therefore review Love's claim for postconviction relief de novo in light of the totality of the circumstances. *Speller v. State*, 534 N.W.2d 445, 449 (Iowa 1995).

### III. *Harper Challenge to Rule 23.*

█ Because only one of Love's arguments has merit, we restrict our discussion to it. Before reaching the argument, we think it is instructive to set out (1) the pre-*Harper* version of rule 23, (2) our decision in *Harper* based upon our interpretation of that rule, and (3) the post-*Harper* version of rule 23.

A. *Pre-Harper version of rule 23.* The version of rule 23 in effect when we decided *Harper* stated in pertinent part:

Disobeying a Lawful Order: An inmate commits an offense under this subsection when the inmate *refuses* to obey an order, rule, regulation, or procedure, written or verbal, *given by any staff of the Division of Corrections, or other person in authority.*

(Emphasis added.)

B. *Harper v. State, 463 N.W.2d 418 (Iowa 1990).* In *Harper,* a prison disciplinary committee found an inmate housed at the state penitentiary at Fort Madison engaged in prohibited conduct under a minor rule prohibiting jiggering. The prison disciplinary committee used the inmate's violation of this underlying offense to find him guilty of violating rule 23. The committee imposed major sanctions based upon this finding.

In his postconviction relief application and on appeal here, the inmate contended there was no rule 23 violation because he was never given a direct order to refrain from jiggering. On appeal to our court, we agreed with the inmate. *Harper,* 463 N.W.2d at 420–21. We concluded that a rule 23 violation occurs only when an inmate refuses to obey a direct order from a person in authority or staff to refrain from certain conduct. *Id.*

C. *Post–Harper version of rule 23.* Our decision in *Harper* was based upon our construction of two key words in the pre-*Harper* version of rule 23: "refuses" and "given." We interpreted these words this way:

"Refuses" implies two things. First, the inmate must receive a direct order to refrain from conduct that is violative of a rule, regulation, or procedure. Second, the inmate must decline to obey the order by continuing the offensive conduct.

"Given," as used in the rule, also implies two things. First, the order must come from a staff person or other person in authority. Second, the order must be communicated to the inmate.

*Harper,* 463 N.W.2d at 420–21. We concluded there was no evidence to support a rule 23 violation because no one in authority had told

the inmate that prison rules prohibited jiggering. Nor was there any evidence that once this was communicated to the inmate, he continued to "jigger." *Id.* at 421.

The IDOC made significant changes to rule 23 in response to *Harper.* Rule 23 now states:

Disobeying a Lawful Order/Direction: An inmate commits an offense under this subsection when the inmate:

a. *Fails to obey a written rule or posted order;*

b. *Fails to obey* a verbal order given by any person in authority or staff of the institution, or

c. Interferes with or circumvents established procedures.

Orders will be reasonable in nature and give reasonable notice of the conduct expected.

(Emphasis added.)

D. *The merits.* The IDOC made two significant post-*Harper* changes in rule 23, as noted above. First, it changed the word "refuses" to "fails to obey." Second, it created a separate subsection (a) under new rule 23 providing that an inmate violates the rule by "fail[ing] to obey a written rule or posted order."

Love frames the issue as whether he can be punished for violating the post-*Harper* version of rule 23 without any prior direct order. In doing so, he raises procedural due process concerns. And he complains this is another in a string of rule 23 postconviction relief cases arising from the State's continued use of the rule to mete out major sanctions to inmates under individual facility policy statements or general orders not amounting to major rules. Essentially he contends that the new and improved version of rule 23 is really nothing more than an end-run around the following safeguard found in *Harper:*

[W]e conclude there is no evidence to support a finding that Harper violated rule 23.

In reaching our conclusion we do not ignore the prison authorities' broad discretion in prison disciplinary matters. But the district court's interpretation would

give prison authorities unfettered discretion to charge a more serious offense when only a minor offense has been committed. At their whim they could turn even the most insignificant infraction into a serious violation. That would make a sham of the present classification for Class I and Class II offenses. Fairness and justice dictate against such a result.

*Harper,* 463 N.W.2d at 421.

Although this language was not necessary to our *Harper* decision, it does lend support to Love's argument here. It is true that as rule 23 now stands, a violation of any rule—no matter how minor—can result in major rule consequences, the most serious of which is loss of good time credits. So absent any standards as to when to impose a rule 23 violation, prison authorities do have unbridled discretion to turn a minor rule infraction into a major rule violation.

The IMR Information Guide given to all inmates when they enter IMR is in evidence. It significantly provides, under a minor violations section entitled "Procedure," that

[a]ny employee may issue a minor report in an effort to promote change of behavior. The severity of the incident, repetition, accumulation, etc., are factors to be considered in classifying to a Class I (Major) or Class II (Minor) report. Progressive discipline will be applied for repeated violations. Normal procedure, unless otherwise stated, will be that the fourth similar Class II minor violation in any six month period will be written as, or changed to a Class I major report, i.e.; 4th count violation, 4th excessive noise violation, 4th ID violation, etc.

The Adjustment Committee as well as any reviewing supervising staff may change a major to a minor or a minor to a major based on the aforementioned factors.

Through this procedure, the IMR recognizes two important concepts. First, fairness dictates that factors such as severity of the incident, repetition, and accumulation of the same infractions are important in determining whether a major or minor report is called for. Second, there must be flexibility in the disciplinary process so that if these factors call for a reduction either at the charging or reviewing level, the prison authorities can do so.

Standards and flexibility give the disciplinary process an aura of fairness, consistency, and integrity. Such principles are unquestionably important in maintaining order in the prison system.

■ To insure fairness, consistency, and integrity in the disciplinary process, we require prison authorities to abide by the following requirement when charging a rule 23 violation. If the alleged conduct involves violation of a rule or posted order not classified as a major rule, the disciplinary notice as well as the disciplinary committee's decision must state adequate reasons—in addition to the infraction—to justify rule 23 sanctions. Severity of the infraction and repetitive violation of the rule or posted order certainly qualify as adequate reasons. There may be other reasons as well that may qualify, but we leave that decision to the discretion of the prison authorities.

■ The requirement we now impose is faithful to two of several important procedural due process rights prisoners enjoy. Prisoners are entitled to (1) advance written notice of the claimed violation, and (2) a written statement by the factfinder as to the reasons for the disciplinary action taken. *See* U.S. Const. amend. XIV (no state shall deprive any person of life, liberty, or property without due process of law); *Wolff v. McDonnell,* 418 U.S. 539, 563–65, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935, 955–56 (1974); *Speller v. State,* 534 N.W.2d 445, 449 (Iowa 1995).

The advance written notice requirement is necessary to inform prisoners of the charges so they can marshal the facts and prepare a defense. *Wolff,* 418 U.S. at 564, 94 S.Ct. at 2978–79, 41 L.Ed.2d at 955–56. Requiring prison authorities to state adequate reasons in the disciplinary notice as to why they are asserting a rule 23 violation for a minor infraction is consistent with the purpose underlying the written notice requirement. Our requirement gives prisoners an opportunity to marshall facts to convince prison au-

thorities the assertion of a rule 23 violation is not appropriate, or is unfair in the particular circumstances.

Requiring reasons for the disciplinary action serves two purposes:

> Written records of proceedings will ... protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding. Further, as to the disciplinary action itself, the provision for a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act *fairly*.

*Id.* at 565, 94 S.Ct. at 2979, 41 L.Ed.2d at 956 (emphasis added). Requiring prison authorities in the disciplinary decision to state adequate reasons—in addition to the underlying minor infraction—as to why they are imposing rule 23 sanctions is consistent with these purposes. Our requirement will leave no doubt as to the reason for the decision. It will also provide an appellate record in the district court and here as to whether the prison authorities acted fairly and not arbitrarily. The requirement we impose strikes a reasonable balance between the prison authorities' need for broad discretion and prisoners' entitlement to a fair and unarbitrary disciplinary process.

■ It is undisputed that the underlying infraction here was not a major or Class I violation. Neither the disciplinary notice nor the committee's decision stated adequate reasons to support a charge of a rule 23 violation and the imposition of rule 23 sanctions. For those reasons, we conclude the committee's decision relative to the alleged rule 23 violation cannot stand.

## IV.  *Disposition.*

The underlying infraction involved a minor rule violation. Prison authorities were therefore required to state in the disciplinary notice adequate reasons—in addition to the underlying infraction—to support a charge of a rule 23 violation. They were also required in the committee decision to state adequate reasons—in addition to the underlying infraction—to justify rule 23 sanctions. Their failure to do so leads us to conclude that the committee's decision relative to the alleged rule 23 violation cannot stand. We reverse the district court order dismissing Love's postconviction relief application. We remand for consideration of the appropriate sanction for Love's uncontested violation of rule 16.

**REVERSED AND REMANDED WITH DIRECTIONS.**