# IN THE COURT OF APPEALS OF IOWA

No. 14-1298
Filed February 10, 2016

**REGINALD SALLIS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Bradley McCall, Judge.

Reginald Sallis appeals from the district court order dismissing his application for postconviction relief as untimely. **AFFIRMED.**

Reginald Sallis, Newton, appellant, pro se.

Thomas J. Miller, Attorney General, and Forrest Guddall, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ. Potterfield, J., takes no part.

**VOGEL, Presiding Judge.**

Reginald Sallis appeals from the district court order dismissing his application for postconviction relief (PCR) as untimely. He contends his PCR application should be remanded for consideration of the merits because he was acting under the direction of an Iowa Department of Corrections (IDOC) staff member when he waited to initiate the PCR action. He also contends he is entitled to appointed counsel.

The IDOC staff member who advised Sallis to delay initiating the PCR action to pursue other "remedies" was not issuing an order. Sallis cannot be excused from filing his PCR application within the limitation period on this basis. Furthermore, the Iowa Code specifically excludes proceedings challenging the forfeiture of earned-time credits from the requirement that the State pay the costs and expenses of a PCR applicant's legal representation. Accordingly, we affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS.

Sallis is currently serving two consecutive ten-year terms of incarceration after entering *Alford* pleas in 2006 to charges of third-degree kidnapping and third-degree sexual abuse. He is required to participate in a sex offender treatment program (SOTP). Under Iowa Code section 903A.2(1)(a) (2013), "an inmate required to participate in a sex offender treatment program shall not be eligible for a reduction of sentence unless the inmate participates in and completes a sex offender treatment program established by the director."

In the summer of 2012, Sallis was first offered placement in the SOTP However, Sallis claims that after he informed the SOTP director of his pending PCR application—stemming from his criminal conviction—he was told he could

not participate in the SOTP because as long as his case was in the court system, anything he said in the SOTP could be used against him. Based on this information, Sallis believed he was unable to participate in the SOTP when it was again offered in August 2013 because his PCR action was pending on appeal. *See Sallis v. State*, 2014 WL 1999086, at *1 (Iowa Ct. App. May 14, 2014). After Sallis informed the SOTP director of his circumstances, the SOTP classification committee deemed Sallis to have refused to participate in the program. His earned-time credits were suspended accordingly.

Sallis appealed the classification committee's decision. The administrative law judge (ALJ) who heard the appeal agreed that Sallis refused to participate in the SOTP. Due to his refusal, on October 8, 2013, the ALJ determined his earned-time credits were properly suspended.

Sallis appealed the ALJ's decision, alleging his Fifth and Fourteenth Amendment rights would be violated if he was required to participate in the SOTP because the program requires all participants to "own up to their crime." The appeal decision, dated October 16, 2013, affirms the SOTP requirement. It further states that "[t]his ends your administrative remedy" and the decision is "the final agency action concerning the appeal process."[1] In spite of these statements, Sallis continued to unsuccessfully challenge the suspension of his earned-time credits through the grievance process until March 2014.

On March 21, 2014, Sallis filed a PCR application with the district court seeking to have his earned-time credits restored, again alleging he never refused

---

[1] Nothing in the appeal decision informed Sallis of his right to appeal to the Iowa District Court.

treatment. The district court dismissed the PCR application as untimely because Sallis failed to file the application within the time period required under Iowa Code section 822.3. The district court concluded that although the PCR application "appears to have some merit on its face," it was required to dismiss the action due to its untimeliness.

## II. SCOPE OF REVIEW.

We review the dismissal of postconviction-relief proceedings based on the statute of limitations for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). We affirm if the PCR court's findings are supported by substantial evidence and the law was applied correctly. *Id.* at 520.

## III. ANALYSIS.

The first question before us on appeal is whether Sallis's PCR application was timely. Section 822.3 requires applicants seeking relief from the unlawful forfeiture of earned-time credit to file a PCR application "within ninety days from the date the disciplinary decision is final." The only exception to this rule—where the application is premised on "a ground of fact or law that could not have been raised within the applicable time period"—does not apply to Sallis. *See* Iowa Code § 822.3.

Although an applicant challenging the forfeiture of earned-time credits is required to exhaust the appeal procedure set forth in Iowa Code section 903A.3(2), *see* Iowa Code § 822.2(1)(f), that requirement is met when an inmate who has been found by an ALJ to have violated an institutional rule appeals the ALJ's forfeiture ruling to the superintendent or warden, *see id.* § 903A.3(2). Sallis fulfilled his obligation to exhaust the remedy set forth in section 903A.3

when he appealed the ALJ's adverse ruling. The appeal decision states as much, proclaiming it to be the end of the administrative appeal process and "final," which is the mechanism triggering the start of the limitation period under section 822.3.

Sallis concedes his application was filed more than ninety days after the appeal decision was entered but does not concede his application was untimely. He claims he was obeying the "order" of an IDOC employee by waiting to file his PCR application as directed. Specifically, Sallis claims he could not file his application earlier because his case manager directed him to exhaust his remedies before initiating the PCR proceedings. Prison rule 23 states:

> Disobeying a Lawful Order/Direction - An offender commits an offense under this subsection when the offender:
> a) Fails to obey a written rule or posted order.
> b) Fails to obey a verbal order given by any person in authority or staff of the institution.
> c) Interferes with or circumvents established procedures.
> Orders shall be reasonable in nature and give reasonable notice of the conduct expected. If the alleged conduct involves violation of a rule or posted order not classified as a major rule, the Disciplinary Notice as well as the ALJ's decision must state adequate reasons (e.g. repetition or severity of the infraction) in addition to the infraction to justify this rule's sanctions.

Iowa Department of Corrections, IO-RD-03, Major Discipline Report Procedures (2014), http://www.doc.state.ia.us/Policies/DownloadPolicy/773. Sallis claims that although his case manager's advice was erroneous, he would have violated rule 23 if he had filed the PCR action earlier.

Nothing in Iowa Code section 822.3 provides the exception to the limitation period argued by Sallis. Even assuming it did, we cannot agree with Sallis's argument that his case manager's advice was an "order" he was required

to obey. Rule 23 is violated "when an authorized person communicates a reasonable order, verbally or in writing, to an inmate to refrain from certain conduct and the inmate refuses to cease the offending behavior." *Smith v. State*, 542 N.W.2d 567, 569 (Iowa 1996). A case manager's advice concerning how to challenge the forfeiture of earned-time credits is not an order, rule, regulation, or procedure that must be obeyed under rule 23.

It is undisputed that Sallis did not initiate the PCR proceedings until after the deadline set forth in section 822.3 had passed. Therefore, the action was untimely. Accordingly, the district court properly dismissed the PCR application.

Sallis also contends the district court committed reversible error by failing to appoint counsel to assist him. Because his PCR action was brought under section 822.2(1)(f), Sallis is not entitled to appointed counsel. *See* Iowa Code § 822.5 (requiring the State to pay the costs and expenses of a PCR applicant's legal representation if the applicant is unable to pay "[u]nless the applicant is confined in a state institution and is seeking relief under section 822.2, subsection 1, paragraphs 'e' and 'f'"); *Maghee v. State*, 639 N.W.2d 28, 30 (Iowa 2002) (interpreting section 822.5 to preclude court-appointed counsel in PCR proceedings where an applicant claims that good time has been unlawfully forfeited).

We affirm.

**AFFIRMED.**